**FREY DAIRY, a Michigan Co–Partnership, Plaintiff,**

v.

**A.O. SMITH HARVESTORE PRODUCTS, INC., a Delaware corporation; Blue Water Harvestore Systems, Inc., a Michigan corporation; and Michigan Glass Lined Storage, Inc., a Michigan corporation, Defendants.**

Civ. No. 87–70734.

United States District Court, E.D. Michigan, S.D.

June 7, 1988.

See also, D.C., 680 F.Supp. 253.

John Pallers, Sandusky, Mich., for Frey Dairy.

Jack Mazzama, Detroit, Mich., for Smith.

Marc Hibbs, Mt. Clemens, Mich., for Michigan Glass.

David Aldrich, Lansing, Mich., for Blue Water.

## ORDER

COHN, District Judge.

### I.

Before the Court is defendant A.O. Smith Harvestore Products, Inc.'s motion for a sanction against plaintiff Frey Dairy (Frey) on the grounds Frey's counsel, by failing to agree to a dismissal of Counts V (Michigan Consumer Protection Act), IX (intentional interference with business relationships) and XII (innocent misrepresentation), of plaintiff's second amended complaint violated Local Court Rules 5[1] and 17[2] and Fed.

R.Civ.P. 11.   A.O. Smith asks for reimbursement of $3,162.00 in legal fees representing 35 hours of attorney time.  Defendant says that such fees were incurred as part of the research and preparation involved in the preparation of its motion for summary judgment, filed December 31, 1987, relating to Counts V, IX and XII.  In its response to the motion filed January 18, 1988 plaintiff conceded to a dismissal of these counts.

For the reasons which follow, plaintiff's counsel is sanctioned $1,500 for violation of Local Court Rules 5 and 17 in withholding consent without just cause to defendant A.O. Smith's motion.

### II.

Plaintiff's second amended complaint, containing 11 counts, was filed on February 3, 1987.  Thereafter pretrial proceedings were protracted and contentious.  On November 10, 1987 defendant Blue Water Harvestore Systems, Inc. filed a motion to dismiss, supported by a brief, directed to all counts of the second amended complaint.  On December 17, 1987 the Court held a status conference and directed that all motions be filed by December 31, 1987. At the status conference A.O. Smith and defendant Michigan Glass Lined Storage, Inc. (Michigan Glass) each stated they would be filing motions to dismiss.  None of the defendants raised any questions as to the lack of merit in Counts V, IX and XII.  On December 23, 1987 plaintiff in its response to Blue Water's motion stipulated to a dismissal of Counts V, IX, and XII as to Blue Water only.  On December 26, 1987

---

1.  Local Rule 5(a) reads:
   Upon notice and opportunity to be heard and in the sound discretion of any Judge of this Court, sanctions may be imposed for failure of counsel to comply with these Rules without just cause.
   Local Rule 5(c) reads:
   For failure of counsel for any party to comply with any of these Rules, any Judge of this Court may, upon finding that the failure has obstructed the effective administration of the Court's business, assess costs directly against counsel, have contempt proceedings initiated against counsel or may order such other sanction or combination of sanctions as is appropriate to the circumstances of the case.

2.  Local Rule 17(a)(1) reads:
   It shall be the responsibility of the movant to ascertain whether or not the contemplated motion will be opposed.  The motion shall affirmatively state that the concurrence of counsel in the relief sought has been requested on a specific date, and the concurrence has been denied or has not been acquiesced in and hence it is necessary to bring the motion. If concurrence has been had, the subject matter of the motion contemplated may properly be made a matter of record, if desired, by an order of the Court, stipulated by both parties. The Court may tax costs for unreasonable withholding of consent.

A.O. Smith's counsel wrote plaintiff's counsel asking them to stipulate to a dismissal of Counts V, IX, and XII. On December 28, 1987 A.O. Smith's counsel called plaintiff's counsel and repeated the request. Plaintiff's counsel did not agree. On December 30, 1987 A.O. Smith filed a motion for summary judgment supported by a brief directed to all counts. On that same date, Michigan Glass filed a like motion supported by a brief. On January 18, 1988 plaintiff, in its response, to A.O. Smith's motion agreed to dismissal of Counts V, IX, and XII.

### III.

■■■ A.O. Smith argues plaintiff's counsel refused to stipulate to a dismissal of Counts V, IX, and XII without just cause and therefore plaintiff should be sanctioned by being required to reimburse defendant for the expense of researching and preparing its motion as it related to Counts V, IX and XII. Plaintiff objects on the grounds that A.O. Smith's counsel failed to adequately explain the reasons for the requested stipulation. Plaintiff does not dispute the 35 hours of attorney time or the hourly charge.

The effort expended by A.O. Smith on the motion was excessive. Thirty-five hours were not necessary. Blue Water's brief fully explained the lack of merit in these counts. A.O. Smith made no effort to cooperate with Blue Water or Michigan Glass. Indeed, each defendant marched to a separate drummer. Counts V, IX, and XII clearly lacked merit. Plaintiff's agreement to Blue Water's motion to dismiss these counts made that evident. In a similar case[3] where plaintiff's counsel also represented a plaintiff complaining of an allegedly defective silo manufactured by A.O. Smith, this Court made clear that claims, identical to the claims asserted in Counts V, IX, and XII, lacked merit. Plain-

tiff's counsel's query as to the reason for the request by A.O. Smith to agree to dismissal of Counts V, IX and XII was fatuous. The conduct of plaintiff's counsel in withholding consent violated Local Court Rules 5 and 17.[4] This is not the kind of act for which a party is responsible.

Therefore IT IS ORDERED that plaintiff's counsel pay the sum of $1,500 to A.O. Smith as a sanction for withholding consent without just cause to A.O. Smith's motion for summary judgment as to Counts V, IX and XII.

---

3. *Will–O–Wheel Farms v. A.O. Smith Harvestore Products, Inc., et al,* Case No. 87–70043.

4. While this Court has been unable to identify a particular order of a judge of the Eastern District of Michigan specifically imposing a sanction in the form of an award for attorney fees for withholding consent to a motion without

just cause under Local Rules 5 and 17, the Court is satisfied that these rules, read in combination with Fed.R.Civ.P. 11 and under the umbrella of *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), authorizes the sanction imposed in this case.