**UNITED STATES of America**

v.

**Herbert A. HUDSON, et al.**

**Civ. No. H–89–697 (JAC).**

United States District Court,
D. Connecticut.

Nov. 18, 1993.

*RULING ON PLAINTIFF'S REQUEST
FOR LEAVE TO AMEND
COMPLAINT*

JOSÉ A. CABRANES, Chief Judge.

This is a foreclosure action brought by the Government on behalf of the Small Business Administration ("SBA"), a federal agency. Pending before the court is the plaintiff's Request for Leave to Amend Complaint (filed November 4, 1993). Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff requests permission from the court to amend its complaint in order to add a claim of fraudulent conversion.

*DISCUSSION*

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also United States v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir.1989). This provision "encourages ... court[s] to look favorably on requests to amend." 6 Wright & Miller § 1484. As a result, "courts have shown a strong liberality ... in allowing amendments under Rule 15(a)." 3 Moore's Federal Practice ¶ 15.08 (citations omitted). This broad and flexible construction of Rule 15(a) "has been reinforced by innumerable judicial pronouncements by the federal appellate and district courts alike," *see* 6 Wright & Miller § 1484, § 1484 nn. 3–4; and, in turn, "reinforces one of the basic policies of the federal rules—that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits," *see id.* at § 1473. "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court...." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Continental*, 889 F.2d at 1254.

█ The defendants first assert that the plaintiff's request should be denied as untimely. The defendants, however, have not suggested, much less demonstrated, any bad faith or dilatory motive on the part of the plaintiff. Nor has the plaintiff repeatedly

Christine L. Sciarrino, Asst. U.S. Atty., New Haven, CT, Diedre Anne Martini, Asst. U.S. Atty., Bridgeport, CT, for plaintiff.

Mark S. Kliger, Turner, Brown, McIntosh & Umeugo, New Haven, CT, for defendants.

8

failed to cure deficiencies by previously allowed amendments. According to the plaintiff, its request is based on the court's partial denial of its motion for summary judgment, a matter that was definitively resolved only on October 7, 1993. *See* Court's Endorsement Ruling of October 7, 1993 (filed October 8, 1993) (doc. # 66). The plaintiff also argues that its proposed amendments seek to provide an alternative source of recovery in order to ensure, if necessary, a deficiency judgment against the defendants in the full amount of the alleged debt. Moreover, the plaintiff notes that the new claims were initially not pursued by the Criminal Division of the United States Attorney's Office because of the possible conflicts that could have developed in light of the pending foreclosure action.

Under these circumstances, the court is satisfied that the plaintiff is not guided by improper motives, such as to surprise or prejudice the defendants. The court also finds that the plaintiff's previous omission, although perhaps unwise, was not inexcusable. Accordingly, the court concludes that the defendants have failed to show "undue delay." *See Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

■ The defendants next contend that the proposed amendments would cause them considerable hardship and undue prejudice in that they would be forced to engage in further time-consuming and expensive discovery. According the plaintiff, however, the new claims are primarily supported by obtainable documentation and the observations of one SBA employee located in Hartford, Connecticut. The plaintiff further represents that its new claims are straightforward and will therefore not result in overburdensome discovery. In any event, the defendants' burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading. *See Continental*, 889 F.2d at 1255 (*citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 43 (2d Cir.1979)). Accordingly, the court declines to deny the plaintiff's request on this ground.

■ The defendants further contend that they may well be prejudiced with respect to the availability and recollection of potential witnesses for the defendant. The mere possibility of prejudice, however, is not tantamount to an affirmative showing of actual prejudice. In any event, the potential of unavailable witnesses and dim recollections would be present in this case even if leave to amend is denied. The events underlying this action occurred some time ago, and trial, which now appears likely, may not be for some time to come. The so-called prejudice of which the defendants complain appears to reflect no more than the general difficulties facing all parties in the course of protracted litigation.

As for the claims that the plaintiff's proposed amendments appear to be barred by the statute of limitations set forth in Conn. Gen.Stat. § 52–577 or by the equitable doctrine of laches, the court finds that the defendants have in no way established the futility of the proposed amendments. The plaintiff asserts, first, that the *federal* statute of limitations applies and that this statute does not bar the proposed amendments; and, second, that the doctrine of laches cannot be asserted against the United States. These issues are certainly substantial enough to warrant their disposition on the merits rather than on purely procedural grounds.

In sum, the court finds that the defendants have not demonstrated any compelling reason why the plaintiff's request for leave to amend should be denied. Indeed, the court concludes that the interests of justice weigh in favor of granting the plaintiff's request.

### CONCLUSION

Based on the record, and for the reasons stated above, the plaintiff's Request for Leave to Amend Complaint (filed November 4, 1993) (doc. # 69) is hereby GRANTED over the defendants' objections.

It is so ordered.