Berube v. FDIC                          CV-95-196-SD  01/25/96
              UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Wendy S. Berube


     v.                                    Civil No. 95-196-SD


Federal Deposit Insurance
 Corporation as Receiver of
New Hampshire Savings Bank



                           O R D E R


     Plaintiff moves for reconsideration of the order granting
summary judgment to the defendant.  Document 15.[1]  Defendant
objects.  Document 14.

     Summary judgment was granted because plaintiff failed to
provide the court with competent evidence that she had filed the
administrative claim required by the provisions of the Financial
Institutions Reform, Recovery and Enforcement Act of 1989
(FIRREA), Pub. L. No. 101-73, 103 Stat. 183 (codified at 12
U.S.C. § 1811, et seq. (1989 & Supp. 1995)).  Document 10, at 4-
7.  The motion for reconsideration is grounded on an affidavit

---

     [1]Plaintiff originally filed a motion for reconsideration,
which was docketed on condition that plaintiff comply with
certain requirements of applicable local rules.  Document 12.
Plaintiff subsequently filed a revised motion that so complied.
Document 15.

from the prior office manager of plaintiff's counsel, the gist of which is that said office manager prepared, notarized, and mailed such administrative claim to the defendant.[2]  Clearly, this information was available to plaintiff's counsel as of the time the summary judgment motion was before the court for consideration.

The motion for reconsideration falls within the provisions of Rule 59(e), Fed. R. Civ. P.[3]  But motions under Rule 59(e) either must clearly establish a manifest error of law or must present newly discovered evidence.  <u>Jorge Rivera Surillo v. Falconer Glass Indus.</u>, 37 F.3d 25, 29 (1st Cir. 1994) (citing and quoting <u>FDIC v. World Univ., Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992)).  And it is well established that one may not, after summary judgment has issued, attempt to introduce by medium of a motion to reconsider evidence which was available at the time the summary judgment motion was initially under consideration by the court.  <u>Medley v. Westpoint Stevens, Inc.</u>, 162 F.R.D. 697, 699 (M.D. Ala. 1995); <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153

---

[2]This affidavit was attached to the originally filed motion. Document 12.

[3]Rule 59(e) provides, "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

2

F.R.D. 689, 695 (M.D. Fla. 1994); <u>Preito v. Storer</u>

<u>Communications, Inc.</u>, 152 F.R.D. 654, 655 (M.D. Fla. 1994).

Accordingly, the motion for reconsideration must be and it is herewith denied.

SO ORDERED.


_____
Shane Devine, Senior Judge
United States District Court

January 25, 1996

cc:  Christopher J. Seufert, Esq.
     Paul G. Hayeck, Esq.