**UNITED STATES of America, Plaintiff,**

**Quintarus Jenkins, Khesha Jenkins, and Mheria Lashai Jenkins, Mary Trainor, Kate Trainor, Mary Beth Jeffers, Patricia Thompson, and James Thompson, Plaintiff–Intervenors,**

v.

**MARSTEN APARTMENTS, INC., a Michigan corporation, Labana Management Company, a Michigan corporation, Santokh Singh Labana, Lorraine Labana, Charles J. Padgett (a.k.a. Jerry Padgett), and Lillian Padgett, Defendants.**

**No. 95–CV–75178–DT.**

United States District Court, E.D. Michigan, Southern Division.

June 16, 1997.

Pamela Thompson, Assistant U.S. Attorney, Detroit, MI, Timothy Moran, U.S. Department of Justice, Washington, DC, Victoria Roberts, Goodman, Eden, Miller & Bedrosian, P.C., Detroit, MI, for Plaintiff–Intervenors.

Stephen Ryan, Raymond & Prokop, P.C., Southfield, MI, for Marsten Apartments, Labana Management, Santokh Labana, and Lorraine Labana.

James O'Leary, Denfield, Timmer, Jamo & O'Leary, Landing, MI, for Charles & Lillian Padgett.

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

KOMIVES, United States Magistrate Judge.

### I. OPINION

#### A. Background

##### 1. Procedural Background

The United States of America brings this action pursuant to the Fair Housing Act of 1988, 42 U.S.C. § 3614(a). The United States alleges that defendants have engaged in a pattern or practice of discrimination on the basis of race, color, and familial status at the Marsten Apartments, located in Allen Park, Michigan. On May 1, 1997, Judge Cohn referred all pending and future non-dispositive motions to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). On May 21, 1997, the Court held a hearing on a number of pending motions, including this motion for leave to file a second amended complaint. At that time, the Court took the motion under advisement. For the reasons that follow, the Court will grant the motion.[1]

---

1. On May 19, 1997, the government filed a reply to the defendants' response to its motion for leave to amend. The following day, defendants filed a motion to strike the reply brief because it violated both the timing and format requirements of Local Rule 7.1(d). However, at the hearing held on the motion to amend, the Court granted defendants an opportunity to file a supplemental brief. Defendants filed a supplemental brief on May 29, 1997. Accordingly, because defendants have been given an opportunity to address the matters raised in the reply, they have not been prejudiced by any violation of Rule 7.1(d) which may have occurred, and the motion to strike will be denied. *See, e.g., Gerber v. Delta Airlines, Inc.,* No. 1:96–CV–1037–GET, 1996 WL 557853, at *1 (N.D.Ga. Aug. 6, 1996); *Wallace Herdlein & Assocs., Inc. v. Sheet Metal Workers Local 265,* No. 90–C–1259, 1990 WL 251909, at *5 n. 1 (N.D.Ill. Dec. 26, 1990).

### 2. Factual Background

In order to properly consider whether leave to amend is appropriate here, it is necessary to briefly examine the factual background underlying the government's claims. The government's original complaint alleged that defendants discriminated in the provision of apartments based on race and familial status at Marsten Apartments. Defendants Lorraine and Santokh Singh Labana are principals of Labana Management, which managed Marsten Apartments. Following discovery, the government learned that, in 1991, the Michigan Department of Civil Rights investigated a discrimination claim against Wellington Manor Apartments in Woodhaven, Michigan, which Labana Management was managing at that time. The government also learned that defendants had formerly owned and managed Park Heights Apartments in Livonia, Michigan. Tests conducted at Park Heights in 1994 revealed, in the government's view, discrimination similar to that which allegedly occurred at Marsten Apartments. The government therefore seeks leave to amend its complaint to add these incidents.

### B. Legal Standard

■ Ordinarily, leave to amend a complaint or other pleading "shall be freely granted when justice so requires." FED. R.CIV.P. 15(a). As with all of the Federal Rules of Civil Procedure, this rule "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED.R.CIV.P. 1. Generally, courts have shown "a strong liberality ... in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir.1941); *see also, Odishelidze v. Aetna Life & Cas. Co.*, 853 F.2d 21 (1st Cir.1988); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.1991); *Kiser v. General Elec. Corp.*, 831 F.2d 423 (3d Cir. 1987); *Smith v. Ayres*, 845 F.2d 1360 (5th Cir.1988); *Adkins v. International Union of*

*Electrical, Radio & Machine Workers*, 769 F.2d 330 (6th Cir.1985); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir.1988). As the Supreme Court has stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Thus, "[w]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is abuse of discretion to deny [the] motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of Southern Cal.*, 648 F.2d 1252, 1254 (9th Cir.1981); *see also, Laborers' Pension Fund v. Litgen Concrete Cutting & Coring Co.*, 128 F.R.D. 96, 99 (N.D.Ill.1989).

### C. Whether Amendment is Futile Because the Claims Are Barred by a Statute of Limitations

■ Defendants argue that leave to amend the complaint should not be granted for two reasons. First, defendants contend that amendment would be futile because the claims the government seeks to add are barred by the statute of limitations. In addition to situations in which amendment would result in undue prejudice or delay, "an amendment may not be permitted if it is obviously and palpably insufficient as a mat-

---

However, without commenting on whether any violation of the Local Rules occurred here, and in light of the language of Judge Cohn's order of reference, all parties are reminded that they are expected to comply with the Local Rules and that failure to do so could lead to sanctions. E.D.

Mich. LR 11.1; *see also, Grace v. Center for Auto Safety*, 155 F.R.D. 591, 602–05 (E.D.Mich.1994); *St. Paul Fire & Marine Ins. Co. v. CEI Fla., Inc.*, 152 F.R.D. 95, 100 (E.D.Mich.1993); *Frey Dairy v. A.O. Smith Harvestore Prods., Inc.*, 122 F.R.D. 20, 22 (E.D.Mich.1988).

ter of law." *Messelt v. Security Storage Co.*, 11 F.R.D. 342, 344 (D.Del.1951). "In particular, in determining whether to permit amendment of the complaint, the court may consider whether the proposed amendment would be time-barred." *Grace v. Rosenstock*, 169 F.R.D. 473, 480 (E.D.N.Y.1996); *see also*, *McGill v. Goff*, 17 F.3d 729, 734 (5th Cir. 1994); *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir.1993); *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988); *Marx v. Centran Corp.*, 747 F.2d 1536, 1551 (6th Cir.1984).

Here, the parties have fundamentally different positions with respect to the statute of limitations issue. The government contends that there is no statute of limitations with respect to pattern and practice claims brought by the government under 42 U.S.C. § 3614. Defendants argue that the claims relating to events at Wellington Manor are barred by the conciliation agreement and the 90–day limitations period applicable to claims for breach of a conciliation agreements found in 42 U.S.C. § 3614(b)(2)(B), and that the events at both Wellington Manor and Park Heights Apartments are barred by the 18–month statute of limitations contained in 42 U.S.C. 5 3614(b)(1)(B). Alternatively, defendants argue that the claims are barred by Michigan's three-year statute of limitations for claims under ELCRA and that the government's claims for money damages or penalties are barred by the general statute of limitations provisions contained in 28 U.S.C. §§ 2415, 2462.

1. *What Limitations Provisions Apply to the Government's Claims*

 a. *Limitations Provisions Within Section 3614*

 ██ Defendants' first two arguments, that limitations provisions within § 3614 bar the government's claims, are easily disposed of. First, the claims relating to events at Wellington Manor are not barred by the 90–day limitations period applicable to claims for breach of a conciliation agreements found in 42 U.S.C. § 3614(b)(2)(B) because there was no "conciliation agreement" as defined under the FHA with respect to Wellington Manor. Section 802(m) of the FHA defines a "concili-

ation agreement" as a "written agreement setting forth the resolution of the issues in conciliation." 42 U.S.C. § 3602(m). In turn, section 802(*l*) of the FHA defines "conciliation" as "the attempted resolution of issues raised by a complaint, or by the investigation of such complaint, through informal negotiations involving the aggrieved person, the respondent, *and the Secretary* [of Housing and Urban Development]." 42 U.S.C. § 3602(*l*) (emphasis added). Although there was a settlement with respect to Wellington Manor, it was between some of the defendants and the Michigan Department of Civil Rights (MDCR); the Secretary was not involved in the resolution of the MDCR complaint. Thus, there has been no conciliation involving the Secretary. As the Court reads the proposed second amended complaint, the government does not assert a claim for breach of the agreement. Indeed, the proposed second amended complaint does not even mention the agreement. Rather, the government merely asserts a pattern and practice claim under § 3614(a), which does not come within the terms of the 90–day limitations period in 42 U.S.C. § 3614(b)(2)(B). Furthermore, the settlement between defendants and the MDCR does not bar the government's current claims, as the government was not a party to the agreement. *See, e.g., Equal Employment Opportunity Comm'n v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 (9th Cir.1987); *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 692 (7th Cir.1986); *Donovan v. Cunningham*, 716 F.2d 1455, 1462 (5th Cir.1983); *Equal Employment Opportunity Comm'n v. Jacksonville Shipyards, Inc.*, 696 F.Supp. 1438, 1441–42 (M.D.Fla.1988); *Tellurian U.C.A.N., Inc. v. Goodrich*, 178 Wis.2d 205, 504 N.W.2d 342, 345–46 (App.1993).

██ Second, neither the claims relating to events at Wellington Manor nor the claims relating to Park Heights are barred by the 18–month limitations period of § 3614(b)(1)(B). This subparagraph provides an 18–month limitations period for civil actions brought by the United States "with respect to a discriminatory housing practice referred to. the Attorney General by the Secretary under section 3610(g) of this title." 42

U.S.C. § 3614(b)(1)(A). Section 3610(g) provides, in relevant part, that the Secretary may refer the matter to the Attorney General for enforcement under § 3614 "[i]f the Secretary determines that the matter involves the legality of any State or local zoning or other land use law or ordinance[.]" 42 U.S.C. § 3610(g)(2)(C). Thus, because the claims the government seeks to add do not involve the illegality of a State or local law, the 18–month limitations period is inapplicable. *See United States v. Incorporated Village of Island Park*, 791 F.Supp. 354, 365–66 (E.D.N.Y.1992).

### b. Michigan's Statute of Limitations Under ELCRA

■ Defendants next argue that, if the claims are not barred by the limitations provisions of § 3614, they are subject to the most analogous state statute of limitations, the three-year limitations provision of the Michigan Eliot–Larsen Civil Rights Act (ECLRA). *See* MICH. COMP. LAWS §§ 37.2501 *et seq.; id.* § 600.5805(8). In support of their position defendants rely on three cases: *Warner v. Perrino*, 585 F.2d 171 (6th Cir.1978); *United States v. Dittmar Co., Inc.*, 1 Equal Opportunity in Housing Rep. (Prentice Hall) ¶ 13,730, at 14,625 (E.D.Va. Oct. 2, 1975); and *United States v. Hilton–Sykes Rental Agency, Inc.*, 1 Equal Opportunity in Housing Rep. (Prentice Hall) ¶ 13,727, at 14,609 (M.D.Ill. Sept. 18, 1975). However, each of these cases is distinguishable because they involved claims by private parties, not the government. In each of these cases, the court concluded that, because there was no statute of limitations provision provided by the statute, the private claims were governed by the most analogous state statute of limitations. *See Warner*, 585 F.2d at 174; *Dittmar Co.*, 1 Equal Opportunity in Housing Rep. (Prentice Hall) at 14,-629; *Hilton–Sykes Rental Agency*, 1 Equal Opportunity in Housing Rep. (Prentice Hall) at 14,614.[2] These holdings are implicitly premised on the rationale that "[a] federal cause of action brought at any distance of time would be utterly repugnant to the ge-

nius of our laws." *Wilson v. Garcia*, 471 U.S. 261, 271, 105 S.Ct. 1938, 1944, 85 L.Ed.2d 254 (1985) (internal quotations omitted).

However, this rationale is not applicable to claims brought by the government. In a case brought by the government exercising its sovereign authority, "[t]he rule *quod nullum tempus occurrit regi*-that the sovereign is exempt from the consequences of its laches, and from the operation of statutes of limitations," *Guaranty Trust Co. v. United States*, 304 U.S. 126, 132, 58 S.Ct. 785, 788, 82 L.Ed. 1224 (1938), controls. As the Supreme Court has explained: "When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *United States v. Summerlin*, 310 U.S. 414, 417, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940). Thus, "[i]t is well settled that the United States is not bound by state statutes of limitations or subject to the defense of laches in enforcing its rights." *Id.* at 416, 60 S.Ct. at 1020 (citations omitted); *accord Brock v. Pierce County*, 476 U.S. 253, 260, 106 S.Ct. 1834, 1839, 90 L.Ed.2d 248 (1986) ("This Court has frequently articulated the 'great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided.'") (quoting *United States v. Nashville, C. & St. L.R. Co.*, 118 U.S. 120, 125, 6 S.Ct. 1006, 1008, 30 L.Ed. 81 (1886)); 1 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 240 (1765) ("[T]he law also determines that in the king can be no negligence, or *laches*, and therefore no delay will bar his right."). Accordingly, the government's claims under § 3614 are not subject to Michigan's ELCRA statute of limitations.

### c. 28 U.S.C. §§ 2415, 2462

■ Finally, defendants contend that the claims the government seeks to add are

---

**2.** In *Hilton–Sykes,* the claims were actually brought by the Attorney General. However, the court applied the state statute of limitations only

to those portions of the complaint seeking monetary compensation for the victims of the alleged discrimination.

barred by the general statute of limitations provisions of 28 U.S.C. § 2415 and 28 U.S.C. § 2462. Section 2415 provides that an action brought by the United States for money damages must be brought within six years for contract (or quasi-contract) actions, 28 U.S.C. § 2415(a), and within three years of accrual for tort actions. 28 U.S.C. § 2415(b). Defendants contend that this limitations period applies to the government's claims for money damages pursuant to 42 U.S.C. § 3614(d)(1)(B). Here, although technically not a tort action, the government's claims are in the nature of a tort claim, and thus the three year limitations period of § 2415(b) applies. *See United States v. Limbs,* 524 F.2d 799, 801 (9th Cir.1975) ("Whenever the United States sues for damages, the substance of the claims must be characterized for purposes of section 2415 as sounding in either tort, contract or quasi contract."); *Blusal Meats, Inc. v. United States,* 638 F.Supp. 824, 831 (S.D.N.Y.1986) (same). This "limitation period under section 2415 is not altered because the act ... violates a statute or regulation." *Federal Deposit Ins. Corp. v. Former Officers & Directors of Metropolitan Bank,* 705 F.Supp. 505, 509 (D.Or. 1987).

▮ In addition, 28 U.S.C. § 2462 provides that "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued[.]" 28 U.S.C. § 2462. Thus, to the extent that the government's newly asserted claims seek civil penalties pursuant to 42 U.S.C. § 3614(d)(1)(C), they are governed by the five-year limitations period of § 2462. *See Incorporated Village of Island Park,* 791 F.Supp. at 367–68. However, because sections 2415 and 2462 apply only to money damages and civil penalties, the government's claims for injunctive and declaratory relief are subject to no statute of limitations. *Id.* at 368.

### 2. *Whether the Claims are Barred by the Limitations Periods*

▮ Having determined that the government's claims are governed in part by the three-year limitations period of § 2415(b) and the five-year limitations period of § 2462, the next task is determining when the claims accrued. Ordinarily, discrimination claims accrue when the plaintiff knows or should know of the discrimination; that is, at the time of the discriminatory act and not at the time the injury is felt. *See, e.g., Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980); *Chardon v. Fernandez,* 454 U.S. 6, 7–8, 102 S.Ct. 28, 28–29, 70 L.Ed.2d 6 (1981) (per curiam); *Soignier v. American Bd. of Plastic Surgery,* 92 F.3d 547, 552 (7th Cir. 1996). However, here the government alleges that the discrimination constitutes a continuing pattern or practice of discrimination on the part of the defendants. Generally, in a pattern or practice case, a claim does not accrue during the course of the pattern of discrimination. *See, e.g., Adames v. Mitsubishi Bank Ltd.,* 751 F.Supp. 1565, 1575 (E.D.N.Y.1990); *Gilliard v. New York Pub. Library Sys.,* 597 F.Supp. 1069, 1078–79 (S.D.N.Y.1984). Defendants contend that the continuing violation doctrine has been narrowly construed, and that the acts complained of by the government do not fit this narrow construction.

▮ However, the Court need not reach this issue at this time. The only question, for purposes of amendment under Rule 15(a), is whether plaintiff has stated a claim in its proposed amended complaint. The Court concludes that it has stated a proper claim of a pattern and practice of discrimination within the three apartment complexes to permit amendment. Specifically, the government has alleged (1) the legal theory of a pattern and practice, and (2) facts which, if proven, may constitute a pattern and practice of discrimination. *See, e.g., Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir.1990). Of course, this determination in no way speaks to the merits of the claims, and defendants may be able to show, either through a motion for summary judgment or at trial, that the claims do not, in fact, constitute a pattern or practice and are thus time-barred to the extent that they seek monetary damages or

civil penalties.[3] In short, whether the events constitute a pattern or practice of discrimination involves factual questions inappropriate for resolution on a motion for leave to amend under Rule 15. *See Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 230 (7th Cir.1995) (improper to deny leave to amend where "it is not clear that [plaintiff] can prove no set of facts upon which relief can be granted[.]"); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991) ("Thus, the court should not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of fact in support of his claim which would entitle him to relief, and it should not deny leave to file a proposed amended complaint unless that same rigorous standard is met.") (internal quotation and citation omitted).

## D. *Whether Prejudice and Undue Delay Require Denying Leave to Amend*

 Defendant also contends that the government's delay, and the prejudice suffered by the defendants thereby, require denial of the government's motion for leave to amend the complaint to add the charges relating to Wellington Manor Apartments and Park Heights Apartments. Defendants assert that they will be prejudiced in two ways. First, defendants claim that they are prejudiced in their ability to defend the claims because of the long delay between the alleged occurrences and the government's motion, due to unavailability of witnesses and other problems in garnering evidence to support their case. However, defendants merely speculate that they will not be able to locate certain crucial witnesses. "The mere possibility of prejudice ... is not tantamount to an affirmative showing of prejudice." *United States v. Hudson*, 152 F.R.D. 6, 8 (D.Conn.1993). Furthermore, defendants' argument is nothing more than a laches argument which, as noted above, cannot bar the government's claim. *Guaranty Trust Co.*, 304 U.S. at 132, 58 S.Ct. at 788–89. The government would be free to file separate complaints with respect to these incidents which would not be subject to defendants' assertions of undue delay and prejudice resulting therefrom. Thus, the interests of judicial economy are served by allowing the government to add these claims to this action.

In order to support their claim of prejudice, defendants must show that they have been prejudiced in their ability to defend this particular action based on the government's delay not from the time of the alleged incidents to the time the government sought leave to amend, but from the time the original complaint was filed to the time the government sought leave to amend. Defendants assert that they are prejudiced by the increased costs in defending the action and the additional discovery obligations the parties will have to undertake if the government is allowed to amend the complaint. However, as a number of courts have recognized, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir.1989); *accord Janikowski v. Bendix Corp.*, 823 F.2d 945, 951–52 (6th Cir. 1987); *Ford Motor Co. v. United States*, 896 F.Supp. 1224, 1232 (C.I.T. 1995); *Hudson*, 152 F.R.D. at 8.

## E. *Conclusion*

This case is almost identical to that before the court in *Hudson*. There, the government brought a foreclosure action against the defendant on behalf of the Small Business Administration. The government later sought leave to amend the complaint to add a claim of fraudulent conversion. The court permitted the amendment, rejecting a prejudice argument similar to that offered by defendants here:

The defendants next contend that the proposed amendments would cause considerable hardship and undue prejudice in that they would be forced to engage in further time-consuming and extensive dis-

---

**3.** Of course, to the extent that the government is not able to show that the alleged events at Wellington Manor and Park Heights constituted, or were part of, a pattern and practice of discrimination, the claim would fail under 42 U.S.C. § 3614(a), in addition to being time-barred.

covery.... [T]he defendants' burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading. Accordingly, the court declines to deny the plaintiff's request on this ground.

The defendants further contend that they may well be prejudiced with respect to the availability and recollection of potential witnesses for the defendant. The mere possibility of prejudice, however, is not tantamount to an affirmative showing of actual prejudice. In any event, the potential of unavailable witnesses and dim recollection would be present in this case even if leave to amend is denied. The events underlying this action occurred some time ago, and trial, which now appears likely, may not come for some time to come. The so-called prejudice of which the defendants complain appears to reflect no more than the general difficulties facing all parties in the course of protracted litigation.

As for the claims that the plaintiff's proposed amendments appear to be barred by the statute of limitations ... or by the equitable doctrine of laches, the court finds that the defendants have in no way established the futility of the proposed amendments. The plaintiff asserts, first, that the *federal* statute of limitations applies and that this statute does not bar the proposed amendments; and, second, that the doctrine of laches cannot be asserted against the United States. These issues are certainly substantial enough to warrant their disposition on the merits rather than on purely procedural grounds.

*Hudson,* 152 F.R.D. at 8 (citations omitted). The Court finds this reasoning directly on point. Thus, "[i]n sum, the court finds that the defendants have not demonstrated any compelling reason why the plaintiff's request for leave to amend should be denied." *Id.*

## II. *ORDER*

In view of the foregoing, it is ORDERED that plaintiff's motion for leave to file a second amendment complaint is GRANTED. It is further ORDERED that defendants' motion to strike plaintiff's reply brief is DENIED.

The attention of the parties is drawn to FED.R.CIV.P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.