UNITED STATES of America,
Plaintiff,

Housing Discrimination Project,
Intervenor–Plaintiff,

v.

Roy E. HARRISON, Defendant.

No. Civ.A. 97–40222–NMG.

United States District Court,
D. Massachusetts.

Feb. 26, 2002.

Joel Feldman, Heisler, Fields & Feldman, Springfield, MA, for Housing Discrimination Project, Inc.

Michael N. Abodeely, Jr., Abodeely & Revelli, Worchester, MA, for Roy E. Harrison.

## MEMORANDUM & ORDER

GORTON, District Judge.

### I. *Summary*

The United States brought suit in this Court on November 17, 1997 against Choice Property Consultants, Inc. ("Choice") and Choice's President, Karen Soucie ("Soucie") alleging violations of the Fair Housing Act (42 U.S.C. § 3614 et seq.). On June 18, 1998, the United States filed an Amended Complaint, adding Choice's agent Pamela McGuirk ("McGuirk") as a defendant.

On October 20, 2000, almost three years after the commencement of the instant action, the United States investigated claims against Roy Harrison ("Harrison"), a client of Choice and a landlord of several properties in Worcester. At that time, Harrison and the United States entered into a written agreement whereby Harrison agreed not to raise a statute of limitations defense to the proposed Second Amended Complaint based upon its filing after October 19, 2000. On November 14, 2000, the United States filed a Second Amended Complaint and joined Harrison as a defendant in the pending action.

Harrison is the only remaining defendant herein. On May 7, 1999, the United States agreed to the entry of a consent

decree ("the Decree") with respect to Choice and Soucie and on October 31, 2000, agreed to include McGuirk in it. This Court entered the Decree on March 27, 2001.

Currently pending before this Court is Harrison's motion for summary judgment and the government's opposition thereto. Harrison moves for summary judgment on the ground that the government's claims against him are barred by 1) the statute of limitations, 2) the doctrine of laches, 3) judicial estoppel, and 4) *res judicata.*

## II. *Factual Background*

### A. Choice's Discriminatory Rental Practices

Choice, a rental agency in Worcester, engaged in a pattern or practice of discriminatory activity by refusing to rent certain dwellings to families or ethnic minorities. Between 1992 and 1997, Choice issued weekly vacancy reports in which landlords provided information to Choice's agents about available units. Several landlords informed Choice that they did not want families or ethnic minorities as tenants. Choice created a coding system for its vacancy reports enabling it to comply with those preferences. For example, "Archie" indicated a client who refused to rent his units to minorities.

In addition to implementing a code system, Choice took steps to cover up its illegal actions by disposing of much of the relevant evidence. In October 1996, Soucie directed her employees to destroy hundreds of documents, including many of the vacancy reports.

### B. Roy Harrison's Alleged Discriminatory Conduct

Harrison, a landlord of several properties in Worcester, was a client of Choice from 1994 to 1997. During that period,

Harrison purportedly indicated to Choice's agent Pamela McGuirk that he would rent his units only to white tenants. Consistent with Choice's standard practice, McGuirk recorded Harrison's preference on the weekly reports by using the term "Archie".

### C. The Justice Department's Fair Housing Act Claims

In September, 1997, the Department of Housing and Urban Development ("HUD"), pursuant to a complaint by the Housing Discrimination Project ("HDP"), determined that the conduct of Soucie and Choice gave the government reasonable cause to believe that they had violated Fair Housing Act. Shortly thereafter, the United States Department of Justice first received information about the present dispute and it promptly filed suit.

## III. *Discussion*

### A. Statute of Limitations

Harrison argues that the statute of limitations has run on the United States' claims. Under the Fair Housing Act, the applicable statute of limitations depends upon the nature of the relief sought. In the instant suit, the government seeks injunctive and declaratory relief, civil penalties and monetary damages. Each kind of relief is addressed *seriatim.*

#### 1. Claims for Injunctive and Declaratory Relief

■ It is a long-standing principle of statutory construction that *quod nullum tempus occurrit reqi* (time does not run against the king). Courts have accordingly held that unless Congress expressly provides otherwise, the United States is not bound by statutes of limitations (or by laches). *United States v. Incorporated Village of Island Park,* 791 F.Supp. 354, 365 (E.D.N.Y.1992); *United States v. Oak*

*Manor Apartments,* 11 F.Supp.2d. 1047, 1051 (W.D.Ark.1998).

■ In the instant case, the government seeks injunctive and declaratory relief under Section 3614(a) of the Fair Housing Act, which provides, in relevant part, that:

> [w]henever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court. 42 U.S.C. § 3614(a.)

Notably, neither the Fair Housing Act itself nor any other federal statute provides for a statute of limitations on actions for injunctive relief brought under Section 3614(a). Courts have consequently held that suits for injunctive or declaratory relief brought by the United States pursuant to that Section are not subject to any statute of limitations. *Island Park,* 791 F.Supp. at 365. Thus, the United States' claims for injunctive relief under the Fair Housing Act are timely brought.

### 2. Claims for Civil Penalties

■ Insofar as the government seeks civil penalties, the present case has a controlling statute of limitations, 28 U.S.C. § 2462, which sets forth the relevant default period:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued.... 28 U.S.C. § 2462

In determining the tolling period for a Fair Housing Act offense, courts have adopted a "continuing violation" theory. Even if an unlawful pattern and practice commenced more than five years before the filing of the complaint, it is timely if such practice continues into the limitations period. *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 380–81, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982).

### a. Standard for Pattern and Practice Allegations

■ The question of whether a pattern or practice exists is a factual determination made by the finder of fact. In order to demonstrate that an individual pattern and practice of discrimination violated the Fair Housing Act, the government must prove that it was a "regular (although not necessarily uniform) practice of the defendant to act with discriminatory intent ... [and] the court must view the evidence as a whole." *U.S. v. Yonkers Board of Educ.,* 624 F.Supp. 1276, 1293–94 (S.D.N.Y.1985), *aff'd* 837 F.2d 1181 (2d Cir.1987), *cert denied* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). Isolated or sporadic acts of discrimination, however, do not constitute a pattern of practice of discrimination under the Act. *See, e.q., U.S. v. Balistrieri,* 981 F.2d 916, 929 (7th Cir.1992), *rehearing denied, cert. denied* 510 U.S. 812, 114 S.Ct. 58, 126 L.Ed.2d 28 (1993).

### b. Harrison's Conduct Constitutes a Pattern and Practice

The United States has alleged that Harrison, in conjunction with the named defendants, other Worcester-area landlords and Choice employees, engaged in ongoing discriminatory housing rental practices until at least October, 1996, rendering the complaint filed in October, 2001 timely.

Harrison, for his part, contends that the United States has made no pattern or practice allegations against him. Where there is an allegation of group discrimination, however, courts have recognized that neither the number of violations nor the discrete acts of individual participants is determinative. *United States v. Bob Lawrence Realty, Inc.*, 474 F.2d 115, 124–25 (5th Cir.1973), *cert. denied* 414 U.S. 826, 94 S.Ct. 131, 38 L.Ed.2d 59 (1973); *United States v. Garden Homes Management*, 156 F.Supp.2d. 413, 420–21 (D.N.J. 2001).

Given that rather broad standard, the extent of Harrison's participation in Choice's scheme raises a genuine issue of material fact as to whether he participated in a pattern or practice of discrimination that is improperly resolved at the summary judgment stage. *Balistrieri*, 981 F.2d at 930.; *Garden Homes*, 156 F.Supp.2d. at 422. Based upon the record currently before this Court, the government's complaint is not time-barred because Harrison's conduct may constitute a pattern and practice of discrimination.

### 3. Claims for Money Damages

The general statute of limitations provisions of 28 U.S.C. § 2415 and 28 U.S.C. § 2462, apply to the government's claims for money damages pursuant to § 3614(d)(1)(B). Section 2415 provides, in relevant part, that:

every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues . . . 28 U.S.C. § 2415

Although the present case is, strictly speaking, not a tort action, the United States' allegations are "in the nature of a tort claim", bringing the suit within the three year limitations period of § 2415(b).

*United States v. Marsten Apartments*, 175 F.R.D. 257, 263 (E.D.Mich.1997).

Under that chapter, the government's claim accrues only when "facts material to the right of action" were known or reasonably could have been known by an official with the authority to act. 28 U.S.C. § 2416(c). The Department of Justice, the agency responsible for pattern and practice Fair Housing Act suits, first learned of Choice's conduct on October 21, 1997. Because Harrison waived any statute of limitations defense to the Second Amended Complaint based upon it being filed after October 19, 2000, the United States' damages claims are not time-barred.

### 4. Claims for Laches and Equitable Estoppel

It is well settled that the United States is not "subject to defense of laches in enforcing its rights." *United States v. Summerlin*, 310 U.S. 414, 417, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Hughes House Nursing Home, Inc.*, 710 F.2d 891, 894 (1st Cir.1983). Analogously, private litigants generally cannot assert the equitable defense of estoppel against the government. 14 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice and Procedure*, § 3652 (1998).

Harrison contends that the government waited too long to bring suit because it has not obtained any new evidence since the filing of the case but he has demonstrated neither that he will be prejudiced by the government's delay nor that the government acted inequitably. Assuming *arguendo* that there is some merit to Harrison's contention, the government vigorously defends itself by asserting that not only was it unable to obtain certain pieces of evidence because they were destroyed but also that it has diligently culled the details of the Choice's rental scheme since

the suit was commenced by marshaling the relevant witnesses. The government thus readily defeats the defendant's arguments for laches and equitable estoppel.

### B. Res Judicata

The defendant contends that the Decree which was entered with respect to Choice, Soucie and McGuirk represented a final judgment with respect to the instant cause of action, barring as *res judicata* the government's suit against him. That argument is unpersuasive because the Decree neither bound Harrison nor fully addressed the factual and legal merits of the claims against him. Notably, the Decree has a preclusive effect only on parties and "bind only those parties who have agreed to the consent decree." *Antrim Mining, Inc. v. Davis,* 775 F.Supp. 165, 168 (D.C.Pa.1991). Accordingly, the government's claims against Harrison are not barred as *res judicata*.

### IV. *Conclusion*

For the foregoing reasons, defendant Harrison's motion for summary judgment will be denied.