JACKSON, APPELLANT, *v.* OHIO CIVIL
RIGHTS COMMISSION ET AL.,
APPELLEES.

(No. 55409—Decided
June 12, 1989.)

*Walter, Haverfield, Buescher & Chockley, Marcia E. Hurt* and *Michael P. Harvey,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Charles E. Cook; Clarence D. Rogers, Jr.,* for appellees.

KRUPANSKY, J. Petitioner Britt Jackson filed a timely notice of appeal in Cuyahoga County Common Pleas Court case number 122,791, from a final order of the Ohio Civil Rights Commission, *viz.,* a conciliation agreement between the Ohio Civil Rights Commission and Billy D. Collins, d.b.a. Howard Johnson's Lakefront. Petitioner filed the appeal on grounds the Ohio Civil Rights Commission's conciliation agreement was unlawful, unreasonable and failed to provide an adequate remedy to the petitioner, such as restitution.

All parties filed appeal briefs. The briefs of Billy D. Collins and the Ohio Civil Rights Commission requested the appeal be dismissed on the grounds, *inter alia,* the Ohio Civil Rights Commission cannot order payment of damages. On February 16, 1988 the common pleas court dismissed petitioner's appeal finding the conciliation agreement ratified by the Ohio Civil Rights Commission constituted full relief of all claims alleged in the commission's complaint. Petitioner filed a timely notice of appeal assigning five errors.

The relevant facts follow:

As part of an "I-TEAM" investigation of racial discrimination, WJW-TV8 sent two of its staff to Howard Johnson Restaurant and Motor Lodge ("respondent") located at 5700 South Marginal Road, Cleveland. On August 4, 1985 at 1:50 p.m., Jon Floriano, a white male employee of TV-8, was charged $53 for the rental of a single occupancy room at respondent's establishment. Approximately ten minutes later Britt Jackson, a black male employee of TV-8, rented from respondent a single occupancy room and was charged $73.

Britt Jackson's cause of action was joined with that of Zanella Jones and Doretha Pendleton,[1] all of whom are

---

[1] The facts of the claims of Jones and Pendleton are not relevant to the case *sub judice.*

black, in a complaint filed on May 14, 1986 with the Ohio Civil Rights Commission against the respondent for racial discrimination. After an investigation, the Ohio Rights Commission made the following determination: Respondent is a place of public accommodation under R.C. 4112.01(A)(9). Petitioner Britt Jackson is a black person who has standing to file a charge of unlawful discrimination under R.C. 4112.02 and 4112.05(B). An investigation by the Ohio Civil Rights Commission substantiated petitioner's complaint that he was charged more money for a similar accommodation than was a white man. Witness testimony substantiated respondent's adherence to a policy of racial discrimination. Finally, the Ohio Civil Rights Commission determined it was probable that unlawful discriminatory practices were being engaged in by respondent.

On November 4, 1986, respondent and the Ohio Civil Rights Commission entered into a conciliation agreement which conciliated only the commission's allegations against respondent regarding Zanella Jones. The Ohio Civil Rights Commission and respondent specifically refused to conciliate the commission's complaint regarding Britt Jackson and Doretha Pendleton. The conciliation agreement also provided that respondent must abide by the Ohio Civil Rights Act; refrain from any discriminatory or retaliatory practices; give employees written notice that discrimination is illegal; and develop a system to discipline employees who discriminate in violation of the Ohio Civil Rights Act.

On November 21, 1986 Britt Jackson sent a letter in opposition to the conciliation agreement on the ground reimbursement of Jackson's out-of-pocket loss, *viz.,* $18, plus tax, should be added to the conciliation as a condition of settlement. On December 8, 1986 the Attorney General filed with the Ohio Civil Rights Commission a reply brief to Jackson's objection to the conciliation agreement. The Attorney General argues: (1) the Ohio Civil Rights Commission cannot order monetary relief, pursuant to the holding of *Ohio Civil Rights Comm.* v. *Lysyj* (1974), 38 Ohio St. 2d 217, 67 O.O. 2d 287, 313 N.E. 2d 3; and (2) the conciliation agreement constituted a full remedy. The Ohio Civil Rights Commission ratified the conciliation agreement between respondent and the Ohio Civil Rights Commission on December 18, 1986. Petitioner filed a notice of appeal to the common pleas court from the Ohio Civil Rights Commission's ratification of the conciliation agreement.

Petitioner's assignments of error follow:

"I. The lower court abused its discretion in dismissing the appeal of petitioner-appellant, Britt Jackson, by holding that the conciliation agreement, ratified by the Ohio Civil Rights Commission, constituted full relief for all claims alleged in the commission's complaint.

"II. The lower court abused its discretion by implicitly agreeing that the Ohio Civil Rights Commission has no authority to order restitution in cases of public accommodation.

"III. The lower court abused its discretion by failing to distinguish restitution of funds from compensatory damages.

"IV. The lower court abused its discretion by failing to properly review a conciliation agreement which nullifies an OCRC complaint.

"V. The lower court abused its discretion in failing to modify or set aside the final order of the OCRC to allow petitioner-appellant to have relief."

Petitioner's assignments of error lack merit. Since petitioner's assignments all pertain to the same issue, they will be addressed together.

Petitioner argues the Ohio Civil Rights Commission has authority under R.C. 4112.05(G) to order respondent to repay petitioner the additional money respondent charged him because he was black, *viz.*, $18 plus tax. Petitioner's argument is unpersuasive.

R.C. 4112.06(E) sets forth the standard of judicial review for post-complaint decisions and orders of the Ohio Civil Rights Commission. *McCrea v. Ohio Civil Rights Comm.* (1984), 20 Ohio App. 3d 314, 316, 20 OBR 416, 418, 486 N.E. 2d 143, 145. R.C. 4112.06(E) provides as follows:

"The findings of the commission as to the facts shall be conclusive if supported by reliable, probative, and substantial evidence on the record and such additional evidence as the court has admitted considered as a whole."

When the court of appeals reviews the common pleas court's decision on an administrative appeal, the court of appeals must determine whether the common pleas court abused its discretion. Cf. *Ingle Inn, Inc.* v. *Brook Park* (Jan. 19, 1989), Cuyahoga App. Nos. 54838 and 54839, unreported, at 5. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142. Thus, the issue in the case *sub judice* is whether the common pleas court abused its discretion when it dismissed petitioner's appeal since petitioner could not receive restitution under R.C. 4112.05(G) and thus the conciliation agreement constituted full relief of all claims in the Ohio Civil Rights Commission's complaint.

R.C. 4112.05(G), as effective July 26, 1984 (see 140 Ohio Laws, Part II, 3458, 3464), provided in relevant part as follows:

"If upon all reliable, probative, and substantial evidence the commission determines that the respondent has engaged in, or is engaging in, any unlawful discriminatory practice, whether against the complainant or others, the commission shall state its findings of fact and conclusions of law, and shall issue and, subject to the provisions of Chapter 119. of the Revised Code, cause to be served on such respondent an order requiring such respondent to cease and desist from such unlawful discriminatory practice *and to take such further affirmative or other action as will effectuate the purposes of sections 4112.01 to 4112.08 of the Revised Code,* including, but not limited to, hiring, reinstatement, or upgrading of employees with, or without, back pay, admission or restoration to union membership, including a requirement for reports of the manner of compliance.* * *"* (Emphasis added.)

Petitioner contends the language of R.C. 4112.05(G), *viz.*, "take such further affirmative or other action as will effectuate the purposes" of the Ohio Civil Rights Act, empowers the Ohio Civil Rights Commission to order respondent to pay petitioner restitution. However, in *Ohio Civil Rights Comm.* v. *Lysyj* (1974), 38 Ohio St. 2d 217, 222, 67 O.O. 2d 287, 290, 313 N.E. 2d 3, 7 (*per curiam*), the court stated as follows:

"The power to award damages to a person suffering loss as a result of the unlawful action of another has traditionally been limited to judicial proceedings. *We are not willing to imply a grant of that power to an administrative agency.*

"We find nothing in R.C. 4112.05 (G) which indicates that the General Assembly attempted to authorize appellant to award either compensatory or punitive damages. The authority included in the statute to award 'back pay' refers to a specific and limited type of remedy to be used in fair employment cases. It does not con-

stitute a broad grant of power. The authority to take 'affirmative action' may well include extensive powers to effectuate the purpose of the Civil Rights Acts, but, under existing statutory language, those powers are to be directed towards ending the unlawful discriminatory practice and securing compliance with the cease and desist order. *If the General Assembly had intended to authorize the commission to grant compensatory or punitive damages, it would have been a simple matter to explicitly so provide, as was done elsewhere in the Act.* See, *e.g.,* 4112.051(E)." (Footnote omitted.) (Emphasis added.)

In *Lysyj,* Beeler, a white woman, was evicted from a trailer park owned by Lysyj because she entertained blacks as social guests. After a public hearing, the Ohio Civil Rights Commission found Lysyj violated the public accommodation statute, R.C. 4112.02(G), and ordered him to pay Beeler $150 to compensate for the depreciation on her trailer, $500 to compensate for her physical and emotional distress and $1,000 in punitive damages. *Lysyj, supra,* at 218, 67 O.O. 2d at 288, 313 N.E. 2d at 5. The Supreme Court in *Lysyj* reversed the Ohio Civil Rights Commission's award of compensatory and punitive damages on the ground that under R.C. 4112.05(G) the Ohio Civil Rights Commission was not authorized to grant such damages. *Lysyj, supra,* at 222, 67 O.O. 2d at 290, 313 N.E. 2d at 7.

Petitioner argues the case *sub judice* is distinguishable from *Lysyj, supra,* since restitution of funds is not the equivalent of compensatory damages. This argument is unpersuasive.

In *Lysyj, op. cit.,* the court reasoned if the General Assembly intended to authorize the Ohio Civil Rights Commission to grant damages, it would have written R.C. 4112.05(G) to explicitly grant such authority. The same reasoning applies in the case *sub judice.* If the General Assembly wished to authorize the Ohio Civil Rights Commission to make orders of restitution, R.C. 4112.05(G) would provide such an award. Restitution and compensatory damages are synonymous.[2] R.C. 4112.05(G) provides for neither award as construed by the Ohio Supreme Court in *Lysyj, supra.*

Petitioner further argues the court's construction of R.C. 4112.05(G) in *Lysyj, supra,* leaves petitioner in the untenable position of having a right without a remedy. This argument ignores the *Lysyj* court's statement: "The power to award damages to a person suffering loss as a result of the unlawful action of another has traditionally been limited to judicial proceedings." *Lysyj, supra,* at 222, 67 O.O. 2d at 288, 313 N.E. 2d at 7.

The common pleas court did not abuse its discretion when it dismissed petitioner's appeal since the Ohio Civil Rights Commission does not have the authority to award petitioner restitution of $18 plus tax and petitioner was afforded a full remedy under the Ohio Civil Rights Act.

Accordingly, petitioner's assignments of error are not well-taken and are overruled.

*Judgment affirmed.*

PATTON, P.J., and J. F. CORRIGAN, J., concur.

---

[2] The American Heritage Dictionary New College Edition (1976) defines "restitution" as the act of making good or compensating for loss, damage or injury; indemnification; reparation. The same dictionary defines "reparation" as something done or paid to amend or make up for; compensation. This dictionary also defines "compensation" as something given or received as an equivalent or as reparation for a loss, service, or debt; a recompense; an indemnity.