OPINION
{¶ 1} Plaintiff-appellant, Ohio Civil Rights Commission ("OCRC"), appeals from a judgment of the Franklin County Court of Common Pleas that dismissed OCRC's *Page 2 
complaint brought pursuant to R.C. 4112.051 and R.C. 4112.052, against defendants-appellees, Fairmark Development, Inc. d/b/a Fairfield Development, Inc. ("Fairmark"), Architectural Alliance, Ltd., and CNK Associates, Inc., seeking redress for defendants' alleged discriminatory design and construction practices under R.C. 4112.02(H). Although the trial court erroneously concluded the statute of limitations applies to and bars OCRC's R.C. 4112.052 claims, we affirm the court's judgment dismissing OCRC's complaint because (1) the statute of limitations bars OCRC's R.C. 4112.051 claims and (2) OCRC fails to state a claim upon which relief may be granted under R.C. 4112.052.
I. Facts and Procedural History {¶ 2} River Oaks Apartments is a large apartment complex in Columbus consisting of several multi-family apartment buildings that were designed and constructed around 1998. Fairmark developed and constructed the apartment complex; Architectural Alliance, Ltd. and CNK Associates, Inc. provided designs used in the construction.
 {¶ 3} The city of Columbus issued final occupancy permits to signify each apartment building's completion, issuing the last such permits for the apartment complex on December 1, 1998. In September 2002, Fairmark sold River Oaks Apartments and transferred all of its rights, title and interests to River Oaks Investors, LLC. Each of the final occupancy permits issued for River Oaks Apartments states that "[i]n compliance with OBBC [Ohio Basic Building Code] Section 4101: 2-1-27 and CBC [Columbus Building Code] Chapter 4117, this certificate of use and occupancy is issued to certify compliance with the provisions of the Ohio Basic Building Code, Chapters 3781 and 3791 of the Revised Code and/or compliance with the provisions of the Columbus Building Code." *Page 3 
 {¶ 4} The Board of Building Standards had standards and rules, then in effect, that required buildings and facilities to be designed and constructed to be accessible to physically disabled persons in accordance with the Fair Housing Act of 1988 ("the FHA"), Section 3601, Title 42, U.S. Code et seq., as amended, and the Americans with Disabilities Act of 1990 ("the ADA"), Section 12101, Title 42, U.S. Code et seq., as amended. See, e.g., Ohio Adm. Code 4101:1-11-01.2 (providing that "[b]uildings and facilities shall be designed and constructed to be accessible in accordance with this code and ADAAG [ADA Accessibility Guidelines])."
 {¶ 5} On March 16, 2006, Dean Arlington filed an administrative charge with OCRC pursuant to R.C. 4112.05(B)(1) alleging that defendants violated R.C. 4112.02(H) and the FHA by failing to design and construct River Oaks Apartments in compliance with the state and federal handicap accessibility requirements. OCRC conducted a preliminary investigation and found it probable that defendants engaged in the charged practices. In October 2006, after failed conciliation efforts, OCRC issued an administrative complaint against defendants pursuant to R.C. 4112.05(B)(5). In November 2006, defendants elected out of the administrative hearing process pursuant to R.C. 4112.051(A)(2) and requested the claims be addressed in a civil action in the common pleas court.
 {¶ 6} At a public meeting held on March 1, 2007, OCRC determined both that defendants denied disabled persons various housing rights granted under R.C. 4112.02(H) and that the denial raised an issue of public importance. Pursuant to R.C. 4112.052, OCRC referred the matter to the Attorney General of Ohio to commence a civil action against defendants in a court of common pleas. *Page 4 
 {¶ 7} On March 20, 2007, the Attorney General, on OCRC's behalf, filed a complaint against defendants under R.C. 4112.051(A)(2)(b) and4112.052. The complaint alleged that defendants engaged in various unlawful discriminatory practices described in R.C. 4112.02(H) when they designed and constructed River Oaks Apartments with features that denied or restricted access to persons with disabilities. The allegedly inaccessible features included: (1) thermostats and door thresholds that are too high, (2) doorways and hallways that are too narrow, (3) inadequate clear floor space in bathrooms and kitchens to enable a person in a wheelchair to maneuver about the rooms, and (4) non-compliant door handles, handrails, ramps, sidewalks, and parking spaces.
 {¶ 8} Fairmark moved to dismiss the complaint pursuant to Civ. R. 12(B)(6), and Architectural Alliance, Ltd. and CNK Associates, Inc. subsequently moved under Civ. R. 56 for summary judgment. In their motions, defendants argued that, pursuant to this court's decision inOhio Civil Rights Comm. v. Triangle Real Estate Serv., Franklin App. No. 06AP-157, 2007-Ohio-1809, the one-year statute of limitations barred all of OCRC's claims under R.C. 4112.051 and 4112.052. In support, defendants noted neither the March 20, 2007 civil action, nor Arlington's administrative charge from which it derived, was filed within one year after defendants committed their allegedly unlawful discriminatory design and construction practices at River Oaks Apartments.
 {¶ 9} Relying on Triangle, supra, the trial court first determined that any claims pertaining to an unlawful discriminatory practice described in R.C. 4112.02(H) must be brought within one year after the allegedly unlawful discriminatory practice was committed. Because defendants undisputedly did not commit any unlawful discriminatory design and construction practices at River Oaks Apartments after December 1998 when *Page 5 
the construction of the apartment complex was completed, the court concluded all of OCRC's claims under both R.C. 4112.051 and 4112.052
were time-barred. The trial court concluded further that the complaint's allegations under R.C. 4112.052 failed to state a claim upon which relief could be granted because OCRC did not allege any facts relevant to a "pattern or practice" of unlawful discriminatory acts and did not seek "preventive relief" available under R.C. 4112.052. The court dismissed OCRC's complaint in a final judgment entered March 5, 2008.
II. Assignments of Error {¶ 10} OCRC appeals from the trial court's final judgment, assigning three errors:
 Appellant's First Assignment of Error
 The Court of Common Pleas erred when it held that the State of Ohio is subject to a one-year statute of limitations when bringing a claim pursuant to R.C. 4112.052 seeking relief for housing discrimination made unlawful by R.C. 4112.02(H).
 Appellant's Second Assignment of Error
 The Court of Common Pleas erred when it held that R.C. 4112.052 only authorizes claims alleging a "pattern or practice" of unlawful housing discrimination.
 Appellant's Third Assignment of Error
 The Court of Common Pleas erred when it held that the relief available under R.C. 4112.052 does not, at the very least, include retrofitting the unlawful inaccessible features at issue (or creating a monetary fund for retrofitting).
III. Standards of Review {¶ 11} In deciding whether to dismiss a complaint pursuant to Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted, the trial court must presume all factual allegations in the complaint are true and construe the complaint in the light most *Page 6 
favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192. Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery. O'Brien v. Univ. Community TenantsUnion (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 12} Summary judgment is proper only when the parties moving for summary judgment demonstrate (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ. R. 56; State exrel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 13} This court's review of the trial court's decision on both motions is de novo. Walters v. Columbus, Franklin App. No. 07AP-917,2008-Ohio-4258, at ¶ 6, citing Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588; Jackson v. Intl. Fiber, 169 Ohio App.3d 395,2006-Ohio-5799, at ¶ 16, citing Crestmont Cleveland Partnership v. OhioDept. of Health (2000), 139 Ohio App.3d 928, 936.
IV. First Assignment of Error {¶ 14} In its first assignment of error, OCRC contends the trial court erred in relying on this court's decision in Triangle, supra, and in finding the statutes of limitations contained in R.C. Chapter 4112
time-barred OCRC's R.C. 4112.052 claims. OCRC asserts the claims brought under R.C. 4112.052 are not subject to any limitations period because (1) the R.C. 4112.052 claims do not derive from and are not dependent upon the *Page 7 
timely filing of other claims under R.C. Chapter 4112, and (2) R.C. 4112.052 has no limitations period for causes of action brought under the statute.
A. R.C. 4112.051(A)(1)
 {¶ 15} As relevant here, three avenues of relief potentially were available to redress defendants' allegedly discriminatory actions: R.C. 4112.051(A)(1), 4112.051(A)(2), and 4112.052. The first, R.C. 4112.051(A)(1) is not invoked in OCRC's complaint. R.C. 4112.051(A)(1) allows "aggrieved persons," such as Arlington, to enforce the rights R.C. 4112.02(H) grants by timely filing a direct, "civil action in the court of common pleas of the county in which the alleged unlawful discriminatory practice occurred within one year after it allegedly occurred." See Fair Housing Advocates Assn. v. Chance, Wayne App. No. 07CA0016, 2008-Ohio-2603, appeal not allowed, 119 Ohio St.3d 1504,2008-Ohio-5467 (discussing standing under the statute). Arlington did not file a civil action pursuant to R.C. 4112.051(A)(1). Instead of filing a civil action, Arlington filed an administrative charge with OCRC pursuant to R.C. 4112.05(B)(1), which contains its own one-year limitations period for a person filing a charge with OCRC under the statute. OCRC does not dispute that Arlington's administrative charge filed with OCRC was subject to, and precluded by, the limitations period contained in R.C. 4112.05(B)(1).
 {¶ 16} Moreover, OCRC did not purport to assert any claims pursuant to R.C. 4112.051(A)(1). Accordingly, the one-year limitations period applicable to R.C. 4112.051(A)(1) claims is not implicated here. Cf.State Dept. of Transp. v. Sullivan (1988), 38 Ohio St.3d 137, 140
(holding "that the state of Ohio, absent express statutory provision to the contrary, is exempt from the operation of a generally worded statute of limitations"). While the trial court appears not to have addressed a claim under *Page 8 
R.C. 4112.051(A)(1), to the extent it may have determined the statute of limitations contained in R.C. 4112.051(A)(1) barred any of OCRC's claims, it erred.
 {¶ 17} Instead, OCRC's complaint in the common pleas court was brought exclusively under R.C. 4112.051(A)(2) and 4112.052, both of which authorize OCRC to enforce rights granted under R.C. 4112.02(H) through a civil action, brought by the Attorney General on OCRC's behalf, in a court of common pleas.
B. R.C. 4112.051(A)(2)
 {¶ 18} R.C. 4112.051(A)(2)(b) provides that "[u]pon receipt of a timely mailed election [under R.C. 4112.05(B)(5)] to have the alleged unlawful discriminatory practices addressed in a civil action, [OCRC] shall authorize the office of the attorney general to commence and maintain the civil action in the court of common pleas[.]" OCRC's complaint was filed, in part, under R.C. 4112.051(A)(2)(b) after defendants timely elected to have OCRC's administrative complaint addressed in a civil action in a common pleas court.
 {¶ 19} Here, as in Triangle, supra, OCRC was not pursuing its own claims under R.C. 4112.051A)(2). Instead it was pursuing Arlington's claims, derived from Arlington's charge filed with OCRC. OCRC's claims were dependent upon Arlington's timely filing the charge within the one-year limitations period contained in R.C. 4112.05(B)(1). Because Arlington did not file his charge with OCRC within one year after defendants committed the allegedly discriminatory design and construction of River Oaks Apartments, OCRC properly concedes, in accordance with Triangle, supra, that the trial court correctly dismissed OCRC's claims under R.C. 4112.051(A)(2) as time-barred under R.C. 4112.05(B)(1)'s limitations period. *Page 9 
C. R.C. 4112.052
 {¶ 20} OCRC also brought its complaint pursuant to R.C. 4112.052, which states that whenever OCRC "has reasonable cause to believe that any person or persons are engaged in a pattern or practice of resistance to a person or persons' full enjoyment of the rights granted" under R.C. 4112.02(H), "or that any group of persons has been denied any of the rights granted by that division and the denial raises an issue of public importance," OCRC "may refer the matter to the attorney general for commencement of a civil action in a court of common pleas." The statute authorizes the attorney general to "seek any preventive relief considered necessary to ensure the full enjoyment of the rights granted by that division, including a permanent or temporary injunction or temporary restraining order." In granting such authority, R.C 4112.052
sets forth no time limitations on OCRC's ability to seek the authorized relief.
 {¶ 21} OCRC's cause of action under R.C. 4112.052 was predicated on OCRC's own determination, made at the March 1, 2007 meeting, that defendants denied disabled persons various housing rights granted under R.C. 4112.02(H), and the denial raised an issue of public importance. (Complaint, ¶ 8.) Unlike its claims under R.C. 4112.051(A)(2)(b), the claims OCRC presented under R.C. 4112.052 did not derive from Arlington's charge filed with OCRC and were not subject to R.C. 4112.05(B)(1)'s limitations period. Because this court's decision inTriangle regarding application of the statute of limitations involved claims solely brought under R.C. 4112.051(A)(2)(b), not R.C. 4112.052, the trial court erred to the extent it applied Triangle to conclude the statute of limitations barred OCRC's R.C. 4112.052 claims. The issue, then, is whether any statute of limitations governs OCRC's action under R.C. 4112.052. *Page 10 
 {¶ 22} In our analysis, we decline to apply the in pari material rule, a rule of statutory construction, to discern what statute of limitations from R.C. Chapter 4112 should apply to actions under R.C. 4112.052. The Supreme Court of Ohio has observed that a cause of action under R.C. 4112.052 is distinct from other causes of action under R.C. Chapter 4112
in that R.C. 4112.052 was primarily designed to redress public wrongs, unlike other provisions in the chapter that are primarily designed to redress individual wrongs. See Cosgrove v. Williamsburg of CincinnatiMgt. Co. (1994), 70 Ohio St.3d 281, 289 (Resnick, J., concurring [joined by four other justices]). Because of that distinction, R.C. 4112.052
need not be construed with other statutes, including those that contain a limitations period.
 {¶ 23} Moreover, "[t]he in pari materia rule is to be applied only where the statute to be construed is ambiguous or the significance of its terms doubtful." Morris v. Kaiser Engineers, Inc. (1984),14 Ohio St.3d 45, 47 (construing R.C. 4101.17). R.C. 4112.052 is not ambiguous. Unlike R.C. 4112.051(A)(1) and 4112.051(A)(2), which either directly or indirectly expressly subject aggrieved persons and OCRC to a one-year limitations period, R.C. 4112.052 does not contain or incorporate by reference any provision that expressly subjects OCRC to a time limit in bringing an action under the statute. "There is thus no need to resort to an in pari materia construction." Id. at 48. Although generally we look to other sections of the Revised Code for an appropriate limitations period when a statute does not contain one of its own,Cosgrove, supra, at 282, OCRC is exempt from the operation of general statutes of limitation absent an express statutory provision to the contrary. Triangle, supra, citing Sullivan, supra. *Page 11 
 {¶ 24} Indeed, OCRC contends, under the plain language of the statute, that it is subject to no statute of limitation. OCRC relies on federal case law for support of its interpretation of R.C. 4112.052. When interpreting R.C. Chapter 4112, Ohio courts have looked to analogous federal statutes and case law for guidance. Kozma v. AEP Energy Serv.,Inc., Franklin App. No. 04AP-643, 2005-Ohio-1157, at ¶ 30, citingWooten v. Columbus, Div. of Water (1993), 91 Ohio App.3d 326, 334;Ohio Civil Rights Comm. v. Harlett (1999), 132 Ohio App.3d 341, 344.
 {¶ 25} Federal courts addressing government housing discrimination claims under analogous Section 3614, Title 42, U.S. Code consistently have held that requests for equitable and injunctive relief under the statute are not subject to any time limitation. See, e.g., United Statesv. Tanski (N.D.N.Y. 2007), case No. 1:04-CV-714, 2007 U.S. Dist. LEXIS 23606 (noting actions under § 3614[a] seeking injunctive relief are not subject to any statute of limitations); United States v. Town of St.John, Ind. (N.D.Ind. 2008), case No. 2:07-CV-330, 2008 Westlaw 205440 (holding § 3614[a] actions seeking equitable relief are not subject to any time limit); Garcia v. Brockway (C.A.9, 2007), 503 F.3d 1092, 1095
(same); United States v. Harrison (D.Mass. 2002), 188 F.Supp.2d 77, 80
(determining government claims under § 3614[a] for injunctive relief have no statute of limitations).
 {¶ 26} Consistent with such authority, we conclude that, as in the analogous federal law that authorizes preventive and injunctive relief for public wrongs involving unlawful discriminatory practices, Ohio's legislature did not impose a time limit on OCRC in seeking preventive relief under R.C. 4112.052. Had the General Assembly intended to limit the period within which a civil action must be commenced and relief sought under *Page 12 
R.C. 4112.052, it could have specifically done so, as it did in other sections of R.C. Chapter 4112. Sullivan, supra, at 140.
 {¶ 27} R.C. 4112.052 thus authorizes OCRC, through the Attorney General, to commence and maintain an independent civil action and seek relief permitted under the statute without any time limitation. Because the trial court erroneously concluded a one-year limitations period time-barred OCRC's claims under R.C. 4112.052, we sustain the first assignment of error.
V. Second Assignment of Error {¶ 28} OCRC's second assignment of error contends that in dismissing OCRC's R.C. 4112.052 claim, the trial court erred in failing to recognize that R.C. 4112.052 authorizes a cause of action not only when OCRC seeks to remedy a "pattern or practice" of unlawful discriminatory practices described in R.C. 4112.02(H), but also when OCRC seeks to remedy an unlawful discriminatory practice described in R.C. 4112.02(H) that raises "an issue of public importance." Conceding its complaint does not allege a "pattern or practice" claim under R.C. 4112.052, OCRC nonetheless asserts the complaint states a "public importance" claim under the statute.
 {¶ 29} To resolve OCRC's claim on appeal, we first look to the language of the statute itself. Courts must presume that the General Assembly, in enacting a statute, intended for the entire statute to be effective. R.C. 1.47(B); D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. ofHealth, 96 Ohio St.3d 250, 2002-Ohio-4172, at ¶ 19. Courts have a duty to give effect to the words used in a statute and not to delete words used or to insert words not used. Erb v. Erb (2001), 91 Ohio St.3d 503,507, citing Cleveland Elec. Illum. Co. v. Cleveland (1988),37 Ohio St.3d 50, at paragraph three of the syllabus. *Page 13 
 {¶ 30} The language of R.C. 4112.052 expressly authorizes OCRC to commence a civil action, through the Ohio Attorney General, whenever OCRC has reasonable cause to believe that either (1) "any person or persons are engaged in a pattern or practice of resistance to a person or persons' full enjoyment of the rights granted" under R.C. 4112.02(H),or (2) "any group of persons has been denied any of the rights granted by that division and the denial raises an issue of public importance." In Cosgrove, supra, at 289, the Supreme Court of Ohio acknowledged that a "public importance" cause of action exists under R.C. 4112.052. The court noted that R.C. 4112.052 authorizes OCRC to commence a civil action, through the Ohio Attorney General, "where `any group of persons has been denied any of the rights granted by [R.C. 4112.02(H)] and thedenial raises an issue of public importance.'" (Emphasis supplied inCosgrove.) Id.
 {¶ 31} In again looking to federal law for guidance in this matter, we note Section 3614(a), Title 42, U.S. Code (" § 3614") contains language virtually identical to R.C. 4112.052. It provides that "[w]henever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter [under the FHA], or any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue ofgeneral public importance, the Attorney General may commence a civil action in any appropriate United States district court." (Emphasis added.)
 {¶ 32} Federal courts examining § 3614(a) consistently have determined the statutory provision creates a cause of action for a "public importance" claim under the statute. See, e.g., United States v.Habersham Prop., Inc. (N.D.Ga. 2003), *Page 14 319 F.Supp.2d 1366, 1372, fn. 7 (noting the government may bring a cause of action under § 3614[a] by alleging that group of persons has been denied FHA rights and this denial raises an issue of general public importance);United States v Taigen Sons, Inc. (D.Idaho 2003), 303 F.Supp.2d 1129,1138-1139 (same); United States v. City of Chicago Heights
(N.D.Ill. 2001), 161 F. Supp.2d 819, 842-843 (same); United States v.Garden Homes Mgt. Corp. (D.N.J. 2001), 156 F.Supp.2d 413, 420, fn. 7 (same); United States v. St. John, Indiana (N.D.Ind. 2008), case No. 2:07-CV-330, 2008 U.S. Dist. LEXIS 5195 (same); Tanski, supra, (same).
 {¶ 33} In accord with the federal law on the subject, we conclude R.C. 4112.052 authorizes OCRC to commence a civil action, through the Ohio Attorney General, whenever OCRC has reasonable cause to believe that any group of persons has been denied any of the rights R.C. 4112.01(H) grants, and the denial raises an issue of public importance. Here, OCRC alleges sufficient facts in its complaint in support of such a claim, asserting that "[b]ased upon the authority granted by R.C. 4112.052, theCommission determined at its March 1, 2007, meeting, that Defendantsdenied persons rights granted by R.C. 4112.02(H)(4), (15), (16), (20),and (22), and that this matter raised an issue of publicimportance. At the same meeting, the Commission referred the matter to the Ohio Attorney General's Office to commence a civil action in a court of common pleas." (Emphasis added; Complaint, ¶ 8.)
 {¶ 34} Because the trial court erroneously concluded R.C. 4112.052
authorizes only claims alleging a "pattern or practice" of unlawful discriminatory practices described in R.C. 4112.02(H), OCRC's second assignment of error is sustained. *Page 15 
VI. Third Assignment of Error {¶ 35} OCRC's final assignment of error contends the trial court erred in determining that OCRC did not seek "preventive relief," as permitted under R.C. 4112.052. At issue is OCRC's request that "[t]he Court order injunctive relief in the form of Defendants contributing to a monetary fund for the purpose of retrofitting the inaccessible features of River Oaks Apartments with the aim of removing the lingering effects of any past violations of R.C. 4112.02(H)(4), (15), (16), and/or (20) by requiring retrofitting necessary to bring the River Oaks Apartment complexes into compliance with Ohio law." (Complaint, ¶ 2 of Relief.) In granting Fairmark's Civ. R. 12(B)(6) motion against OCRC's R.C. 4112.052
claims, the trial court examined the subject request for relief and concluded "OCRC is not seeking preventive relief, as permitted by R.C. § 4112.052; it seeks monetary relief[.]" (Oct. 19, 2007 Decision, 6.)
 {¶ 36} R.C. 4112.052 authorizes the Attorney General to "seek anypreventive relief considered necessary to ensure the full enjoyment of the rights granted by [R.C. 4112.02(H)], including a permanent or temporary injunction or temporary restraining order." (Emphasis added.) With that language, OCRC asserts the statutory remedy is designed to "ensure the full enjoyment" of various rights granted under state and federal law, including the rights of disabled persons to accessible housing. OCRC contends that unlike other forms of discrimination, such as race or age discrimination where past discriminatory practices generally can be remedied by eliminating offending policies and practices, disability-based discrimination is physical in nature, making retrofitting a particularly appropriate and necessary remedy to remove the physical barriers and noncompliant features that deprive disabled persons of their rights to accessible housing. *Page 16 
See, e.g., discussion in Baltimore Neighborhoods, Inc. v. LOB, Inc.
(2000), 92 F.Supp.2d 456, 465-468.
 {¶ 37} OCRC then argues that unless R.C. 4112.052 is interpreted to include retrofitting as part of the "preventive relief" available under the statute, a virtual "No Disabled People Allowed" sign will remain posted on River Oaks Apartments, frustrating the statute's purpose to "ensure the full enjoyment" of the apartment complex for disabled persons. Id. at 466, citing legislative history of FHA in H.R. Rep. No. 711 at 25 (stating "[a] person using a wheelchair is just as effectively excluded from the opportunity to live in a particular dwelling by the lack of access into a unit and by too narrow doorways as a posted sign saying `No Handicapped People Allowed'").
 {¶ 38} OCRC directs us to cases where, when the federal government sought to remedy public wrongs involving discrimination, federal courts adhered to the principle that "[r]elief should be aimed toward twin goals insuring that no future violations of the [FHA] occur and removing any lingering effects of past discrimination." United States v.Jamestown Center-in-the-Grove Apts. (C.A.5, 1977), 557 F.2d 1079, 1080
(involving race discrimination in housing). OCRC urges this court to follow federal courts that have applied the principle articulated inJamestown and found "retrofitting" or "the creation of a retrofitting fund" to be an appropriate remedy when the government asserts an action under analogous § 3614 seeking redress for public wrongs involving inaccessible housing for disabled persons. See, e.g., Taigen, supra, at 1148 (ordering retrofitting of inaccessible housing); Tanski, supra (finding relief in the form of retrofitting or a retrofitting fund an appropriate remedy for noncompliance with the accessibility provisions of the FHA); United States v. Hallmark Homes, Inc. (D.Idaho 2003), case No. CV01-432-N-EJL, *Page 17 
2003 U.S. Dist. LEXIS 20814 (noting the relief for inaccessible housing could include the creation of a retrofitting fund); United States vPacific Northwest Electric, Inc. (D.Idaho 2003), case No. CV-01-019-S-BLW (concluding retrofitting is the only method by which the lingering effects of past violations of the FHA can be removed).
 {¶ 39} The federal courts' awards of retrofitting were predicated on § 3614(d)(1), which provides the relief in the Attorney General's actions for violations of the FHA. In relevant part, § 3614(d)(1) states that in a Section 3614(a), Title 42, U.S. Code civil action, the court "(A) may award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation of this subchapter as is necessary to assure the full enjoyment of the rights granted by this subchapter"; and "(B) may award such other relief as the court deems appropriate, including monetary damages to persons aggrieved[.]"
 {¶ 40} Significantly, the relief available under § 3614(d)(1) is much broader than the relief available under R.C. 4112.052 which, unlike its federal counterpart, authorizes no relief other than "preventive relief * * * including a permanent or temporary injunction or temporary retraining order." Indeed, federal courts awarding retrofitting as a remedy have explicitly recognized that the relief available in Paragraph (B) of § 3614(d)(1), which permits "such other relief * * * including monetary damages," is in addition to the "preventive relief" available under Paragraph (A) of the statute. See Pacific Northwest Elec, supra;Taigen, supra, at 1148 (noting the relief available is broad, and "not just limited to preventive relief"); Hallmark Homes, supra (same). Because the statutory relief available to the federal courts is much broader than the limited "preventive relief" available under R.C. 4112.052, federal law is not persuasive in supporting OCRC's *Page 18 
contention that "retrofitting" or the creation of a "retrofitting fund" is included within the "preventive relief" permitted under the Ohio statute.
 {¶ 41} OCRC argues that, contrary to the trial court's conclusion, the relief it requests is not "monetary relief," and that, by having the inaccessible features of River Oaks Apartments brought into compliance, it is seeking only to prevent future injury, not redress past wrongs. We disagree.
 {¶ 42} OCRC specifically requested that defendants "contribute to amonetary fund for the purpose of retrofitting * * * with the aim ofremoving the lingering effects of any past violations * * * ." "Damages" is broadly defined as "pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another." Rice v. CertainTeedCorp. (1999), 84 Ohio St.3d 417, 419, citing Black's Law Dictionary (6 Ed. 1990) 389. Under that definition of damages, OCRC's request is in the nature of damages where the monetary relief is sought as redress for defendants' alleged past unlawful discriminatory practices at River Oaks Apartments.
 {¶ 43} The purpose of "preventive relief" is to prevent future injury, not to redress past wrongs. See State ex. rel General Motors Corp. v.Indus. Comm., 117 Ohio St.3d 480, 2008-Ohio-1593, at ¶ 12; State ex rel.Great Lakes College, Inc. v. Ohio State Med. Bd. (1972),29 Ohio St.2d 198, 201-202; Ohio Hosp. Assn. v. Ohio Bur. of Workers' Comp., Franklin App. No. 06AP-471, 2007-Ohio-1499. Preventive relief includes a prohibitory injunction, which is used to prevent injury by enjoining a defendant from continuing or performing some allegedly illegal practice in the future. General Motors Corp., supra, citing State ex rel. Lesliev. Ohio Housing Fin. Agency, 105 Ohio St.3d 261, *Page 19 2005-Ohio-1508, at ¶ 50. The request for relief at issue here, if it is not a request for monetary relief, is a request in the nature of a mandatory injunction, which is used to remedy a past injury by compelling a defendant to restore a party's rights through some affirmative action. Id.
 {¶ 44} We agree that, when authorized and available as a remedy, retrofitting is a particularly appropriate remedy to remove the lingering effects of past discriminatory practices that have violated the rights of disabled persons to accessible housing. We conclude, however, that neither retrofitting nor the creation of a monetary fund for the purpose of retrofitting is "preventive relief" permitted under R.C. 4112.052 and therefore is not available as a remedy in a cause of action under the statute. Had the Ohio legislature wanted to provide relief in R.C. 4112.052 that is broader than the limited preventive relief currently available under the statute, it knows how to use specific language to do so, as it has done elsewhere in R.C. Chapter 4112 for violations under R.C. 4112.02(H). Ohio Civ. Rights Comm. v.Lysyj (1974), 38 Ohio St.2d 217, 222; Jackson v. Ohio Civ. RightsComm. (1989), 50 Ohio App.3d 13, 16. See, e.g., R.C. 4112.05(G) (authorizing OCRC to award actual damages, punitive damages, and attorney's fees in administrative proceedings under the statute); R.C. 4112.051(D) (authorizing a court to award actual and punitive damages, reasonable attorney's fees, costs, fees, and expenses, and "other relief that it considers appropriate, including a permanent or temporary injunction, a temporary restraining order, or other order"); R.C. 4112.99 (authorizing an award of "damages, injunctive relief, or any other appropriate relief" for violations of R.C. Chapter 4112). *Page 20 
 {¶ 45} As a result, the trial court properly granted the Civ. R. 12(B)(6) dismissal of OCRC's R.C. 4112.052 claims because OCRC's complaint does not seek "preventive relief" as R.C. 4112.052 permits. Accordingly, OCRC's third assignment of error is overruled.
 {¶ 46} Although we have sustained OCRC's first and second assignments of error, the trial court's errors were harmless to the final judgment in light of our overruling OCRC's third assignment of error. Accordingly, having overruled the third assignment of error, we affirm the trial court's judgment dismissing OCRC's complaint against defendants.
Judgment affirmed.
FRENCH and GREY, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1