[Cite as *Tarshis v. Ohio Civ. Rights Comm.*, 2019-Ohio-3633.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Vadim Tarshis,                                      :

           Plaintiff-Appellant,            :                    No. 19AP-172
                                            (C.P.C. No. 18CV-9838)

v.                                                 :

                                                  (REGULAR CALENDAR)

Ohio Civil Rights Commission,                      :

           Defendant-Appellee.            :

---

D E C I S I O N

Rendered on September 10, 2019

---

**On brief**: *Vadim Tarshis*, pro se.  **Argued:** *Vadim Tarshis.*

**On brief**: *Dave Yost*, Attorney General, and *Sharon D. Tassie*, for appellee.  **Argued**: *Sharon D. Tassie.*

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1}  Vadim Tarshis, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court dismissed his appeal of a letter of determination on reconsideration issued by the Ohio Civil Rights Commission ("commission"), defendant-appellee.

{¶ 2}  Emerald City Ballroom ("Emerald") is a dance studio owned by Jeff Stein. Appellant is a patron of Emerald.  According to appellant's petition, on May 12, 2017, Stein told appellant to leave the premises and banned him from returning.  Stein allegedly told appellant that people did not like him, but he could not disclose their names. Appellant claimed some females, including the former manager of Emerald, would inappropriately touch him in a sexual manner during dances and he would politely reject

their advances.  Appellant opined that some of these females might have complained to Stein as revenge.

{¶ 3}  Appellant filed a charge of discrimination with the commission alleging Emerald engaged in an unlawful discriminatory practice and claiming he was banned from a place of public accommodation in retaliation for engaging in activity protected under R.C. 4112.02(I).  Appellant asserted Emerald retaliated against him based on his resisting the sexual advances of female patrons and advising Stein about R.C. 4112 compliance at the time Stein forced him to leave the premises.

{¶ 4}  The commission conducted an investigation and found no probable cause to believe Emerald engaged in discriminatory conduct and declined to issue an administrative complaint. Appellant applied for reconsideration of the commission's decision. On October 25, 2018, the commission issued a letter of determination on reconsideration. The commission found the evidence failed to corroborate appellant's allegations that Emerald retaliated against him or that appellant engaged in protected activity as defined by R.C. 4112. The commission indicated Emerald barred appellant from the premises based on several complaints from patrons who reported feeling uncomfortable and threatened by appellant's behavior. Therefore, the commission again found there was no probable cause for the commission to issue an administrative complaint and ordered the matter dismissed.

{¶ 5}  On November 23, 2018, appellant filed a petition for judicial review of the commission's determination with the common pleas court. On February 26, 2019, the trial court issued a decision and entry dismissing appellant's petition. The trial court found appellant had no due process claim against Emerald, the commission did not violate his due process rights, and the commission did not act in an arbitrary, capricious, or irrational fashion. Appellant appeals the judgment of the trial court, asserting the following three assignments of error:

> [I.]  THE COMMISSION'S FINDINGS DID NOT SATISFY THE "RELIABLE, PROBATIVE OR SUBSTANTIAL EVIDENCE" REQUIREMENT PURSUANT TO R.C. §4112.06(E) AND WERE IN VIOLATION OF THE APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS TO BE PUT ON NOTICE OF THE SPECIFIC PATRONS' DETAILED COMPLAINTS AND SPECIFIC ALLEGED ACTIONS THAT CONSTITUTE HARASSMENT IN EACH

PATRONS' CASE SO THAT APPELLANT COULD PRESENT A DEFENSE.

[II.] THE OHIO CIVIL RIGHTS COMMISSION ERRED BY FAILING TO HOLD THAT THERE IS NO RELIABLE, PROBATIVE OR SUBSTANTIAL EVIDENCE WHICH SUPPORTS THE OHIO CIVIL RIGHTS COMMISSION'S FINDING OF HOSTILE SEXUAL HARASSMENT ENVIRONMENT OF MAKING "PATRONS" FEEL "UNCOMFORTABLE AND THREATENED[,"] CREATED BY APPELLANT.

[III.] THE OHIO CIVIL RIGHTS COMMISSION ERRED BY FAILING TO HOLD THAT THERE IS RELIABLE, PROBATIVE OR SUBSTANTIAL EVIDENCE WHICH SUPPORTS APPELLANT'S CHARGES OF UNLAWFUL RETALIATORY BAN FROM STUDIO AND REFUSAL OF SERVICE BASED ON PROTECTED ACTIVITY OF OPPOSING DISCRIMINATION AND PARTICIPATING IN DISCRMINATION INVESTIGATION.

{¶ 6} We address appellant's assignments of error together. Appellant argues in his assignments of error the trial court erred when it dismissed his judicial review because there existed reliable, probative, and substantial evidence that Emerald engaged in unlawful discrimination.

{¶ 7} R.C. 4112.02 provides:

It shall be an unlawful discriminatory practice:

* * *

(G) For any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

{¶ 8} R.C. 4112.05(B)(1) provides "[a]ny person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." A charge under division (G) must be in writing, under oath, and

filed with the commission within six months after the alleged unlawful discriminatory practice was committed.

{¶ 9} The commission has the discretion to investigate a charge and determine whether there is probable cause that unlawful discrimination occurred. R.C. 4112.05(B)(2). *See also State ex. rel. Westbrook v. Ohio Civ. Rights Comm.*, 17 Ohio St.3d 215, 216 (1985) (the commission has the discretion to decide whether to investigate a charge and to issue a complaint based on that charge); *McCrea v. Ohio Civ. Rights Comm.*, 20 Ohio App.3d 314, 317 (9th Dist.1984) (courts grant discretion to the commission in determining whether to find probable cause). When the commission makes a probable cause determination, no evidentiary hearing is held. R.C. 4112.o5(B)(5). *See also id.* at 316. "Prior to the filing of a complaint, the procedure set out in the statute is informal and in the nature of an *ex parte* proceeding." *Id.* "Although the commission investigates the charge, it does not seek to receive formal evidence." *Id.* "A determination of no probable cause is one which cannot, therefore, be reviewed on the basis of reliable, probative, and substantial evidence." Thus, the product of the commission's investigation does not constitute evidence that could be reevaluated by the trial court but, rather, only contains the factual findings contained in its letter. *Hous. Advocates, Inc. v. Am. Fire & Cas. Co.*, 8th Dist. No. 86444, 2006-Ohio-4880, ¶ 9-11; *McCrea* at 316.

{¶ 10} Pursuant to R.C. 4112.06(A), a party "claiming to be aggrieved by a final order of the [Ohio Civil Rights Commission], including a refusal to issue a complaint, may obtain judicial review thereof * * * in a proceeding * * * brought in the common pleas court." " 'Upon review of a determination that no probable cause exists [to issue a complaint], the common pleas court must determine whether [the Ohio Civil Rights Commission's] decision is unlawful, irrational, and/or arbitrary and capricious.' " *Yeager v. Ohio Civ. Rights Comm.*, 148 Ohio App.3d 459, 2002-Ohio-3383, ¶ 12 (11th Dist.), quoting *Coleman v. Warner*, 82 Ohio App.3d 263, 265 (6th Dist.1992).

{¶ 11} In the present case, the commission found no probable cause that Emerald engaged in discriminatory behavior. The commission concluded the evidence did not demonstrate that Emerald retaliated against appellant or that appellant engaged in protected activity. Instead, the commission found, Emerald banned appellant from the premises because of several complaints from patrons who reported feeling uncomfortable

and threatened by appellant's behavior.  On judicial review, the common pleas court found that, although appellant believed his actions were acceptable, the commission was free to believe or disbelieve appellant's version of the facts.  As for his misdirected due process claim, the trial court found that because Emerald is not a state actor, due process would not normally apply to it. The court also found there was no evidence the commission committed any due process violation by violating its procedures or treating appellant differently than other charging parties but, instead, merely disagreed with appellant.

{¶ 12} We agree with the trial court. There is nothing before this court to suggest the commission acted in an arbitrary, capricious, or irrational fashion. The commission's investigation showed several patrons complained that appellant made them feel uncomfortable and threatened. Although appellant asserts the patrons' "feelings" are not facts and his behavior was not improper, the appropriateness of his behavior is not relevant to our analysis on appeal, given our standard of review. Furthermore, although appellant argues the commission should have been required to investigate every alleged incident, appellant cites no authority for placing such a burden on the commission. The commission investigated Emerald's actions and adduced facts from its investigation pursuant to R.C. 4112.05.  As explained in *Hous. Advocates*, we have no evidence to review to determine what specific witnesses the commission relied on and whether the evidence was substantial.  We have only the letter of determination. From that letter, we see nothing that would indicate the commission acted in an arbitrary, capricious or irrational fashion. The letter does not indicate appellant complained to Emerald about any harassing behaviors by female patrons or that Emerald was discriminating or retaliating against him based on appellant's complaints about such alleged behavior. Thus, the record before us is devoid of anything to substantiate appellant's claim that he engaged in a protected activity or that Emerald engaged in discriminatory behavior based on any protected activity.

{¶ 13} Furthermore, with regard to appellant's due process argument that the commission's findings were in violation of his constitutional due process rights to be put on notice of the specific patrons who complained about his behavior and their specific complaints, we disagree. In addressing a due process argument, there is a two-part

inquiry: the court must determine whether the party was deprived of a protected interest and, if so, what process was his due. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). In *Logan*, the protected property interest that was deprived was Logan's right, created by Illinois law, to have a factfinding conference convene to consider his employment discrimination charge within 120 days after he filed said charge. The present case is unlike *Logan*, in that appellant was not deprived of the commission's adjudicatory procedures. *See id.* at 429-30. Appellant would suggest he has a protected property interest in being put on notice of the specific patrons who complained about his behavior and their specific complaints. However, the United States Supreme Court has noted "[t]he hallmark of property * * * is an individual entitlement grounded in state law, which cannot be removed except for 'just cause.' " *Id.* at 430. Ohio law has not conferred on appellant an individual entitlement to access such specific evidence at the preliminary investigation stage of his discrimination charge. As we noted above, the Supreme Court of Ohio found in *McCrea* that, prior to the filing of a complaint, the procedure is informal and in the nature of an ex parte proceeding, and the commission does not seek to receive formal evidence during the investigative stage. Appellant has cited no authority demonstrating the commission is required to perform the specific type of investigation and inquiry that he suggests or to provide him such specific information if it did. Therefore, we find appellant did not possess any protected property interest susceptible of deprivation without due process of law. For the foregoing reasons, we overrule appellant's first, second, and third assignments of error.

{¶ 14} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and NELSON, J., concur.

_____