[Cite as *Kessler v. Ohio Civ. Rights Comm.*, 2023-Ohio-3376.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Diane Kessler, | : | |
| Plaintiff-Appellant, | : | No. 23AP-110 <br> (C.P.C. No. 22CV-2352) |
| v. | : | (REGULAR CALENDAR) |
| Ohio Civil Rights Commission et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 21, 2023

**On brief:** *Diane Kessler,* pro se. **Argued:** *Diane Kessler.*

**On brief:** *Dave Yost,* Attorney General, and *Sharon Tassie,* for Ohio Civil Rights Commission. **Argued:** *Sharon Tassie.*

**On brief:** *Kevin W. Popham* for Summerlyn Homeowners' Association et al. **Argued:** *Kevin W. Popham.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Diane Kessler, pro se, appeals from a December 26, 2022 decision and judgment entry from the Franklin County Court of Common Pleas affirming the decision of defendant-appellee, Ohio Civil Rights Commission ("Commission"), finding there was no probable cause to issue an administrative complaint against defendants-appellees, Summerlyn Homeowners' Association ("Summerlyn HOA"), Janet Cahill, and Kevin Glaser for housing discrimination. For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Appellant is a resident of the Summerlyn subdivision, which is governed by the covenants, easements, conditions, and deed restrictions of the Summerlyn HOA.

Appellant and non-party Tony Eden have resided at the subject premise since June 2013. The Summerlyn HOA came into existence in and around February 2019 and is overseen by elected board members. The Summerlyn HOA board is comprised of Janet Cahill, Kevin Glaser, and David Henderson. Defendant-appellee, Mollie Glaser, is the spouse of Kevin Glaser.

{¶ 3} According to appellees, on October 23, 2020[1], the Summerlyn HOA sent a letter to appellant and Eden of a "first mandated notice to cure" an unapproved exterior land modification[2] that was built on their property. The letter read, "the mound that was installed along with the trees is encroaching on the neighbors['] lot and was not approved prior to installing. The mound and the trees need to be removed and the property returned to the original condition." (Emphasis deleted.) (Dec. 9, 2022 Record of Proceedings at E3570-Q85.) Appellant was notified that failure to comply by November 2, 2020 would result in an enforcement assessment of $25.00 per violation. On April 2, 2021, the Summerlyn HOA sent a letter to appellant and Eden imposing a $25.00 assessment and notifying them of their right to a hearing on the penalty. A hearing was held on this matter on April 23, 2021. At the conclusion of the hearing, the board took the matter under advisement. By letter dated May 12, 2021, the Summerlyn HOA waived the $25.00 assessment and informed appellant and Eden that their decision was "still pending receipt of information from parties involved." (Record of Proceedings at E3570-Q89.)

{¶ 4} On April 19, 2021, appellant and Eden filed a fair housing inquiry with the Department of Housing and Urban Development ("HUD"). The charge affidavit alleged the property management company, Towne Properties, Inc., Summerlyn HOA, and Kevin

---

[1] The letter provided in the record appears to be originally dated March 24, 2021. However, this date was struck and rewritten as October 23, 2020. Appellees address this issue in their brief writing, "[t]he October 23, 2020, (sic) letter was drafted and forwarded to Appellant in October 2020. The property management company printed the letter on March 24, 2021, at which time a computer system incorrectly automatically re-dated the letter." (Appellees' Brief at 18, fn. 2.) The November 2, 2020 date referenced within the letter appears to provide support that the amended date is accurate, but the record is unclear on this point. It should be noted that in appellant's April 5, 2021 letter requesting a hearing, she denied ever receiving the October 23, 2020 letter.

[2] The landscaping at issue is a large mound on appellant's property. Appellant described "the landscape as a therapeutic mean[s] to cope with and regulate * * * like that of an emotional support animal." (Dec. 9, 2022 Record of Proceedings E3570-P36.) Appellant contends that the exterior modification has been in place since 2016.

Glaser engaged in housing discrimination.  On June 22, 2021, HUD referred the matter to the Commission for investigation.

{¶ 5}  In a letter dated December 16, 2021, the Commission concluded that no probable cause existed to issue an administrative complaint regarding appellant's charge of housing discrimination.  The Commission wrote that while Eden was a person with a disability, the request for accommodation was not made until April 23, 2021.  The Commission also found that the appellees acted in good faith requesting additional information to determine the need for the accommodation and how it relates to Eden's disability.  The Commission went on to find there was a lack of evidence to establish appellees or their agents, employees subjected appellant and Eden to discrimination or threatened, intimated, interfered, harassed, or coerced them from the full benefit of state or federal fair housing law.  Lastly, the Commission found that there was a lack of evidence that appellees denied appellant and Eden the reasonable modification at issue.  The Commission wrote that the exterior modification was still intact, and appellant and Eden had full access, rights, use, and enjoyment of the landscaping.  Appellant moved the Commission for reconsideration, which was denied on March 10, 2022.

{¶ 6}  On April 11, 2022, appellant filed an administrative appeal pursuant to R.C. 4112.06 in the Franklin County Court of Common Pleas.  Relevant to the instant appeal, on September 28, 2022, Mollie Glaser and Henderson filed a motion to dismiss contending that they were not named in the original housing discrimination charge and could not be named as respondents in the administrative appeal.  On December 26, 2022, the common pleas court affirmed the decision of the Commission finding the decision was not unlawful, irrational, arbitrary, or capricious.  The common pleas court also granted the motion to dismiss Mollie Glaser and Henderson as they were not named in the charging letter filed with the Commission, and therefore, were not proper parties to the appeal. Appellant filed an appeal with this court on January 25, 2023.

{¶ 7}  On February 20, 2023, appellees Mollie Glaser, Kevin Glaser, Cahill, Henderson, and Summerlyn HOA filed a motion for partial dismissal of claims asserted by Eden and dismissal of claims against Mollie Glaser and Henderson.  On February 27, 2023, the Commission filed a motion to dismiss on the same grounds.  On March 9, 2023, this court granted in part, and denied in part, appellees' motions.  Specifically, we granted

appellees' motions to dismiss with respect to claims brought by Eden as he did not sign the January 25, 2023 notice of appeal. This court, however, denied the motions to dismiss concerning claims against Mollie Glaser and Henderson finding the trial court's determination regarding Glaser and Henderson went to the merits of the appeal and could not be summarily addressed prior to completion of briefing.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

[I.] The Commission erred to have sound discretion in failing to apply admissible evidence collected over six-months recorded by Andrew Siefert Investigator II for Commission.

[II.] The Commission erred by failing to apply the full scope of the Fair Housing law in determining the case outcome.

[III.] The Respondents erred by misinterpreting the original charge complaint process. The actual protocol for HUD to initiate a formal complaint is to substantiate the evidence of discrimination prior to opening a charge. HUD opened the charge complaint then referred it locally to the Ohio Civil Rights Commission for investigation. (The evidence provided to HUD in this case, included items dated prior to the HOA hearing held on April 23, 2021, and were also given to HOA, opposing counsel and Commission)

[IV.] The Respondents Representatives were made aware of both Eden's and Kessler's concerns, reasons, uses for the reasonable modification prior to the HOA zoom hearing held on April 23, 2021. The Appellants filled out and returned the HOA package of documents sent by HOA to list concerns along with returning the hearing request form. Never did any true interactive process take place between the Charging parties and the HOA, as a result the Appellants sought legal assistance.

[V.] The Charging parties provided layers of substantial evidence to the Commission who erred causing prejudice and failing to consider or maintain the evidence as part of the case record.

[VI.] The Commission erred to consider medical provider fill-in forms requested by the investigator along with Social Security Disability award letters for both Diane Kessler and Tony Eden who returned the completed documents to the Commission.

[VII.] The evidence supporting the passive aggressive behavior, discrimination, harassment and fear threats, made by the HOA erred to be validated by the Commission. The HOAs creation of a vendetta by Kevin and Mollie Glasers hate of the landscape. HOA refused to affirm the just proof and the affirmation of their own office manager, Bergin Mace, who had years of property management experience and at the onset affirmed the lawful modification was made and submitted as part of the record of admissible evidence.

[VIII.] The Respondents erred in abusing their fiduciary authority and service practices when they engaged in unlawful discriminatory actions to retaliate against the Appellants, who outlined the pattern of abuse not ever receiving a validation for the rightful modification from the HOA.

[IX.] The March 10, 2022, Reconsideration decision by the Commission errs to include submitted documentation of evidence, leaving an incomplete record. As a result, the Magistrate's December 26, 2022, decision at appeal also errs when submissions of 'additional information' mentioned by the Judge but never included in the formal record.

[X.] The Commission errs to apply all findings of fact sufficient justification of a 'probable' cause decision absence of discretion constituting unlawful, irrational, arbitrary and capricious, outcomes.

[XI.] Appellants submitted proofs confirming elements of housing discrimination claims, proving the existence of disabilities, reasonable accommodation, and abuse of services by HOA. Commission erred to consult proofs and to apply the complete scope of the Fair Housing Act in determinations.

[XII.] The HOA Defendant acted in bad faith erring spitefully by refusing to validate a lawfully proven modification. Defendants were fully aware of the disabilities prior to the HOA hearing on April 23, 2021, and err in admission of receiving both by email and USPS authenticating proof, both missing from the record.

[XIII.] Opposing Counsel err in seeking to dismiss Mollie Glaser and David Henderson from among the Respondents. Both being proper parties to this appeal named in the charge filed, as Mollie is Kevin Glaser's spouse and participated in

retaliation against the Appellants caught on tape. David Henderson is a board trustee member who participated and voted in decisions made at the HOA hearing on April 23, 2021.

[XIV.] Opposing counsel, Nationwide Insurance the insurance provided for the HOA and for each homeowner of the community errs after initiating a settlement discussion outside of court, only to utilize bad faith tactics in negotiating. No settlement resulted.

[XV.] The court errs in granting defendants a dismissal of Tony Eden from the claim. As multiple entries throughout the case, reveal the Appellants hardships of indigency, being self-litigants, Diane being Tony's POA in order to sign and submit entries only on Tony Eden's behalf as multiple times throughout the case had previously been done and never questioned as Tony was hospitalized for life threatening issues. Diane never attempted to act as Tony's attorney, rather she is the spouse filing on behalf of them both due to his critical illnesses. Tony was named in all subsequent documents.

(Sic passim.)

## III.  LEGAL ANALYSIS

### A. Appellant's First, Second, Fifth, Sixth, Seventh, Ninth, Tenth, and Eleventh Assignments of Error

{¶ 9}  For ease of discussion, we will address appellant's assignments of error out of order.[3]

{¶ 10} As an initial matter, we must consider some residual issues brought by the parties during the briefing of this case.  First, we must address the issue of whether the trial court erred by granting appellees' motion to dismiss Mollie Glaser and Henderson as parties to this case.  Pursuant to R.C. 4112.06(B), "[judicial review of commission] proceedings shall be initiated by the filing of a petition in court as provided in division (A) of this section and the service of a copy of the said petition upon the commission and *upon all parties who appeared before the commission.*"  (Emphasis added.)  The record reveals

---

[3] Appellant has attempted to supplement the record through the filing of various exhibits with her brief. "R.C. 4112.06(D), which provides for the admission of newly discovered evidence before the court of common pleas on administrative appeals from commission determinations, is applicable only after an evidentiary hearing has been held by the commission." *Kutz v. Ohio Edn. Assoc.*, 10th Dist. No. 94APE06-781, 1995 WL 115428, *13 (Mar. 16, 1995). Therefore, this court is precluded from considering the exhibits to the extent those documents are outside the record in this case.

that Mollie Glaser and Henderson were not named in appellant's original charge. Because Mollie Glaser and Henderson were not named in the initial complaint, they are not proper parties and must be dismissed from this appeal.

{¶ 11} We also note that appellant's twelfth and fifteenth assignments of error appear to be brought, in whole or in part, on behalf of non-party, Tony Eden. As set forth previously, this court granted appellees' motions to dismiss claims brought on behalf of Eden. (Mar. 9, 2023 Journal Entry.) Generally, a pro se appellant may not bring an appeal on behalf of another party. *Williams v. Griffith*, 10th Dist. No. 09AP-28, 2009-Ohio-4045, ¶ 14, citing *State v. Block*, 8th Dist. No. 87488, 2007-Ohio-1979, ¶ 4 (" '[A] person has the inherent right to proceed pro se in any court, but that right pertains only to that person. It does not extend to the person's spouse, child, or solely owned corporation.' "). Accordingly, those assignments of error are dismissed to the extent they concern claims brought on behalf of Eden.

{¶ 12} Next, we must address the various procedural deficiencies in appellant's brief. Although appellant has asserted 15 assignments of error, she has failed to separately argue each of those assignments of error in the body of her brief. Instead, appellant has set forth the assignments of error in three distinction groupings.[4] Appellant's failure to separately argue her various assignments of error violates App.R. 16(A)(7) and may be disregarded under App.R. 12(A)(2). *State v. Brown*, 10th Dist. No. 16AP-753, 2017-Ohio-7134, ¶ 14. However, in the interest of justice, we will consider appellant's first, fifth, sixth, seventh, ninth, and tenth assignments of error for the proposition identified in the subheader of appellant's brief: "the commission erred abusing its discretion in dismissing appellant's action." (Capitalization omitted.) (Appellant's Brief at 8.) Similarly, in the interest of justice, we will consider the second grouping, appellant's second and eleventh assignments of error, to the extent asserted in the subheader in the body of appellant's brief: "the commission erred to apply the full scope of the Fair Housing Act law." (Capitalization omitted.) (Appellant's Brief at 9.) As these issues overlap, we will address both allegations together.

---

[4] Appellant groups the 15 assignments of error as follows: (Group One) first, fifth, sixth, seventh, ninth, and tenth assignments of error; (Group Two) second and eleventh assignments of error; (Group Three) third, fourth, eight, twelfth, thirteenth, fourteenth, and fifteenth assignments of error.

{¶ 13} The Commission is empowered to "[r]eceive, investigate, and pass upon written charges made under oath of unlawful discriminatory practices." R.C. 4112.04(A)(6). Once a complainant has filed a charge with the Commission alleging unlawful discriminatory practices, the Commission may initiate a preliminary investigation to determine if there is probable cause that the alleged unlawful discrimination took place. R.C. 4112.05(B)(2). If the Commission finds no probable cause exists, it must notify the complainant that it will not bring a complaint in the case. R.C 4112.05(B)(4). When the Commission declines to pursue a claim, the complainant is notified of the decision by a letter of determination. R.C. 4112.05(H). The Commission should provide its findings in the letter and dismiss the complaint. *Id.* A party may request the Commission to reconsider its initial determination, which the Commission has the discretion to accept or reject. Ohio Adm.Code 4112-3-04(A) and (B). When the Commission accepts an application for reconsideration, it must notify all parties as to its determination. Ohio Adm.Code 4112-3-04(B)(2).

{¶ 14} As set forth in R.C. 4112.06, a party may seek judicial review of an order by the Commission, including those that the Commission refuses to issue a complaint, in a court of common pleas. In cases where the complainant, after a hearing is conducted, appeals from the Commission's determination that the respondent did not engage in unlawful discriminatory practices, a common pleas court must affirm the findings of fact of the Commission if it is supported by "reliable, probative, and substantial evidence." *Ohio Civ. Rights Comm. v. Case W. Res. Univ.*, 76 Ohio.3d 168, 177 (1996), citing R.C. 4112.06(E); *HLS Bonding v. Ohio Civ. Rights Comm.*, 10th Dist. No. 07AP-1071, 2008-Ohio-4107, ¶ 12, citing *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civ. Rights Comm.*, 66 Ohio St.2d 192 (1981), paragraph two of the syllabus. Review of the Commission's order is based on the record and any additional evidence as the court allows. R.C. 4112.06(B) and (D).

{¶ 15} However, in cases where the Commission does not conduct an evidentiary hearing based on a no probable cause determination there is " 'no evidence to review on appeal, reliable, probative, substantial, or otherwise.' " *La Riccia v. Ohio Civ. Rights Comm.*, 8th Dist. No. 111976, 2023-Ohio-1816, ¶ 21, quoting *McCrea v. Ohio Civ. Rights Comm.*, 20 Ohio App.3d 314, 317 (9th Dist.1984). The court of common pleas should

review the Commission's pre-complaint decision to not issue a complaint for lack of probable cause for whether "the decision is unlawful, irrational, and/or arbitrary and capricious." *Tarshis v. Ohio Civ. Rights Comm.*, 10th Dist. No. 19AP-172, 2019-Ohio-3633, ¶ 10, citing *Yeager v. Ohio Civ. Rights Comm.*, 148 Ohio App.3d 459, 2002-Ohio-3383, ¶ 12 (11th Dist.). The court of common pleas is only tasked with reviewing the Commission's findings and attachments from the letter of determination, "rather than examining the full record of the investigation." *Kutz* at *7. The *La Riccia* court explained, "[t]he reason for using the unlawful, irrational, arbitrary, and capricious standard in an appeal from a no probable cause finding rests on the fundamental differences between a pre-complaint and post-complaint proceeding when a charge of discrimination is brought." *La Riccia* at ¶ 22, citing *Hous. Advocates, Inc. v. Am. Fire & Cas. Co.*, 8th Dist. No. 86444, 2006-Ohio-4880, ¶ 10, citing *McCrea*. As this matter originates from a pre-complaint determination to not issue a complaint for lack of probable cause, the court of common pleas was limited to reviewing whether the Commission's decision was unlawful, irrational, and/or arbitrary and capricious.

{¶ 16} An appellate court's review of the common pleas court's decision is even more limited. A reviewing court will not reverse the judgment of the trial court to affirm the Commission's decision absent an abuse of discretion. *HLS Bonding* at ¶ 13, citing *Case Western* at 177.[5] An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 17} When reviewing a claim of housing discrimination, Ohio courts have applied analogous federal disability statutes and case law to inform its statutory analysis. *Reid v. Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 42, citing *Ohio Civil Rights Comm. v. Fairmark Dev., Inc.*, 10th Dist. No. 08AP-250, 2008-Ohio-6511, ¶ 24, citing *Kozma v. AEP Energy Serv., Inc.*, 10th Dist. No. 04AP-643, 2005-Ohio-1157, ¶ 30, citing *Wooton v. Columbus Div. of Water*, 91 Ohio App.3d 326, 334 (10th Dist.1993); *see also Martin v. Barnesville Exempted Village School Dist. Bd. of Edn.*, 209 F.3d 931 (6th Cir.2000), fn. 2, citing *Little Forest Med. Ctr. v. Ohio Civ. Rights Comm.*, 61 Ohio St.3d 607

---

[5] We note that appellant mistakenly argues the Commission, rather than the court of common pleas, erred in its ruling. At this point in the case, we are tasked with reviewing the ruling of the court of common pleas, not the Commission.

(1991) ("Both federal and Ohio disability discrimination actions require the same analysis.").

{¶ 18} Pursuant to R.C. 4112.02(H)(19), it is unlawful to "[r]efuse to make reasonable accommodations in rules, policies, practices, or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling unit, including associated public and common use areas." *See also* 42 U.S.C. 3604(f)(3)(B) ("a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."). To demonstrate such a claim, the plaintiff must show that "(1) she suffers from a disability; (2) the defendants knew or reasonably should have known of the disability; (3) accommodation of the disability 'may be necessary' to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such an accommodation." *Reid* at ¶ 47, citing *Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir.2003), quoting *United States v. California Mobile Home Park Mgt. Co.*, 107 F.3d 1374, 1380 (9th Cir.1997).

{¶ 19} After a careful examination of the available record, the trial court's decision to affirm the Commission's determination was reasonable. There is nothing in the record to suggest that the Commission acted in an arbitrary, capricious, or irrational manner. Here, the Commission found that appellant failed to engage in the interactive process for making a reasonable accommodation of a disability and that there was a lack of evidence to demonstrate appellees subjected appellant to discrimination, threats, or harassment to keep her from the full benefit of state or federal fair housing laws. The Commission also found there was a lack of evidence that appellees failed to permit a reasonable modification to the property. Most importantly, the Commission concluded that the landscaping at issue remained intact, and appellant could still use and enjoy the exterior modification for the desired therapeutic purpose. Based on these findings, we cannot say that the trial court's decision constitutes an abuse of discretion.

{¶ 20} Appellant also contends the Commission erred by failing to apply the full scope of the "fair housing act law." (Capitalization omitted.) (Appellant's Brief at 9.) Specifically, appellant argues that the Commission erred by failing to find that the Summerlyn HOA denied her a reasonable accommodation for the exterior modification

installed in 2016. Appellant claims that the Summerlyn HOA intended to harass her using "various passive aggressive tactics" and "vandalized the landscape." (Appellant's Brief at 9.) Appellant's arguments overlap with her prior contention that the Commission erred by finding that there was no probable cause to issue an administrative complaint regarding appellant's charge of housing discrimination. We find these restated contentions equally unavailing. Again, our review is limited to whether the court of common pleas abused its discretion affirming the decision of the Commission. Based on the available evidence, there is little support for appellant's claims of harassment or coercion. Moreover, the exterior modification of appellant's property remains intact. Given these facts, the court of common pleas acted reasonably by affirming the Commission's no probable cause determination.

{¶ 21} Appellant's first, second, fifth, sixth, seventh, ninth, tenth, and eleventh assignments of error are overruled.

### B. Appellant's Third, Fourth, Eighth, Twelfth, Thirteenth, Fourteenth, and Fifteen Assignments of Error

{¶ 22} As for appellant's third, fourth, eighth, twelfth, thirteenth, fourteenth, and fifteenth assignments of error, we find appellant's brief deficient as it fails to substantially comply with the requirements of Ohio Rules of Appellate Procedure and the Local Rules of the Tenth District Court of Appeals. Pursuant to App.R. 16, an appellant must provide in their brief, "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." App.R. 16(A)(7). As set forth previously, a reviewing court may disregard an assignment of error if the party "fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). It is well-established that a reviewing court is not required to " 'conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning.' " *Columbus v. Wynn*, 10th Dist. No. 20AP-479, 2021-Ohio-3934, ¶ 7, quoting *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992). Failure to comply with appellate or local rules constitutes independent grounds for dismissal. *Wynn* at ¶ 8, citing *McCormick v. Hsiu Chen Lu*, 10th Dist. No. 18AP-284, 2019-Ohio-624, ¶ 19; *see* Loc.R. 10(E) ("noncompliance with the Appellate Rules or the Rules of this Court" shall be "deemed good

cause for dismissal of an appeal."). To be sure, while appellate courts may provide some flexibility to pro se litigants, they are held to the same rules and procedures as parties represented by counsel. *Williams*, 2009-Ohio-4045 at ¶ 21. If a reviewing court cannot determine the arguments offered by a party, relief cannot be granted. *Id.*, citing *State v. Dunlap*, 10th Dist. No. 05AP-260, 2005-Ohio-6754, ¶ 10.

{¶ 23} In the case sub judice, appellant's brief fails to substantially comply with Ohio Rules of Appellate Procedure and this court's Local Rules as she has failed to separately argue each assignment of error as well as provide any type of meaningful examination, with citation to the record, as to how the trial court erred. App.R. 16(A)(7). Appellant has simply identified various assignments of error and cited, without any meaningful discussion, several exhibits that were improperly attached to her brief. *See Williams*, *supra*, at fn. 3. Appellant has also failed to cite to a single legal authority to provide some basis for her arguments. *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34. Because appellant has failed to provide any discernable argument or citation to legal authority, appellant's third, fourth, eighth, twelfth, thirteenth, fourteenth, and fifteenth assignments of error are dismissed.

## IV. CONCLUSION

{¶ 24} Having overruled appellant's first, second, fifth, sixth, seventh, ninth, tenth, and eleventh assignments of error, and dismissed appellant's third, fourth, eighth, twelfth, thirteenth, fourteen, and fifteenth assignments of error, this court affirms the judgment of the Franklin County Court of Common Pleas.[6]

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

––––––––––––––––

---

[6] This Court is sympathetic to the inherent stress that accompanies any type of legal action. However, at this stage in the case our standard of review, as well as consideration of evidence outside the record, is limited. We hope that this decision provides some closure for the parties in order to restore some type of neighborly relationship.